## CLARK et al. v. MURRAH et al.

### No. 10651.

Court of Civil Appeals of Texas. San Antonio.

Jan. 17, 1940.

Rehearing Denied Feb. 14, 1940.

John L. Dodson, of Del Rio, for appellants.

Wallace & Thurmond, of Del Rio, for appellees.

SMITH, Chief Justice.

This case is closely related to cause No. 10650, Mrs. Eula Markward et al. v. Mrs. Fannie Murrah et al., this day decided by this Court, 136 S.W.2d 649.

The appeal is from a judgment dismissing the suit of Mrs. L. H. Clark and her co-plaintiffs upon their refusal to amend after the general demurrer had been sustained to their third amended original petition.

The stricken pleading covers sixteen pages in the transcript and, therefore, because of its length, cannot be traversed in this opinion. In this summary we will set out only the substance of those allegations deemed to be material to this inquiry.

The amended petition named, as plaintiffs, Mrs. L. H. Clark and others alleged to be the owners of the note in suit, and Mrs. Fannie, Dan, J. E., R. H. and Tol

Murrah, and Ted Langford, administrator of the estate of J. R. Murrah, deceased (and others not necessary to name here), as defendants. The parties will be referred to herein as plaintiffs and defendants, respectively, as in the court below.

In the preamble of said amended petition the history of the case prior to the filing of that pleading was recited, showing the nature of and the court's rulings upon plaintiffs' original, and first and second amended original, petitions in this case. Such recital of the allegations in and rulings upon abandoned pleadings, however, are not deemed relevant here. The only matter for consideration here is the cause of action alleged in plaintiffs' third amended original petition, as tested by the general demurrer, which was sustained below.

For cause of action it was alleged in said amended petition that the named defendants, other than Langford, administrator of the estate of J. R. Murrah, deceased, were the only heirs at law of the decedent, J. R. Murrah, who died on February 13, 1934; that on February 8, 1932. Murrah, for a valuable consideration, executed and delivered to plaintiffs his promissory note for $600, and was legally bound to pay same; that the note was long past due and unpaid, "and defendants, though often requested," have failed and refused to pay same; that on February 3, 1934, Murrah, joined by his wife, conveyed all their property of whatsoever nature to the named defendants (other than administrator Langford) as a gift and without consideration, leaving the grantors totally insolvent; that J. R. Murrah remained so insolvent, and at the time of his death ten days later was possessed of no property whatsoever subject to execution; that the decedent fraudulently conveyed away said property for the purpose of defeating plaintiffs' claims based on said note, and plaintiffs were entitled to judgment setting aside said conveyance and subjecting the properties therein conveyed to the payment of their said note, as provided in Arts. 3996, 3997, Vernon's Ann.Civ.St. Arts. 3996, 3997, which they invoked.

Plaintiffs further alleged in their trial petition that after their institution of this suit, Mrs. Eula Markward, one of the plaintiffs, made application to the probate court of Val Verde County, in accordance with the provisions of Art. 3357, Subd. 6, R.S.1925, for appointment as administratrix of the estate of the decedent, J. R.

Murrah, and was duly appointed and qualified as such administratrix, but later resigned as such, and Ted Langford was duly, appointed and qualified as her successor and is now the "duly appointed, qualified and acting administrator of the estate of said J. R. Murrah, deceased;" that the probate court duly appointed appraisers of said estate, and they duly made their report of inventory, appraisement and list of claims, which was sworn to by Mrs. Markward, then acting as administratrix, and in which the claim of plaintiffs based on said note was listed, and in which, as alleged by plaintiffs, "it is shown that there was no property, community or separate, belonging to said estate, and that said estate was totally insolvent by reason of the execution acknowledgement and delivery of said deed of February 3rd, 1934, as hereinbefore fully alleged and shown."

It was further alleged that plaintiffs made due proof of their claim, as a valid claim against said estate, to Ted Langford, administrator, for allowance; that said administrator allowed said claim, but refused payment thereof on the ground that he had no funds in hand with which to pay it, and probably would have none, due to the conveyance, prior to Murrah's death, of all his estate to his sons, defendants herein, as has been previously alleged; that by reason of the insolvency of the decedent, plaintiffs cannot hope to collect their claim through administration, and that plaintiffs "have never at any time proceeded or attempted to proceed in said Probate Court in this behalf, except when such procedure became and was necessary to attempt to comply with the numerous orders, judgments and decrees of this Court rendered from time to time in this cause. This being a suit by creditors against fraudulent Vendees in a deed by an insolvent decedent to set aside the fraudulent conveyance and subject the property therein and thereby conveyed to the payment of a debt owing by the decedent contracted prior to the fraudulent conveyance, no character of administration on such insolvent estate, is nor has the same ever been necessary, there being nothing to administer, the Administrator has no concern with it either as a party Plaintiff or Defendant, consequently any action taken by him or the Probate Court in approving, allowing or disapproving, disallowing or rejecting such claim on the grounds of limitations or otherwise is and has at all such times been wholly unnecessary and without any force

or effect whatsoever, satisfy the debt and the conveyance stands, or on the other hand, any over-plus realized from the sale of the property passes to the fraudulent vendees in the fraudulent conveyance and not to the estate of the said J. R. Murrah, deceased."

It further appears from plaintiffs' amended petition that plaintiffs' claim in the probate court was contested by defendants, Murrah, and the probate judge sustained the contest and refused to approve the claim, upon the ground that it was barred by limitation when presented to and allowed by the administrator.

In conclusion plaintiffs prayed in their stricken petition that "they have judgment against all Defendants establishing said debt and claim * * * for * * * all costs of suit against said Defendants, Vendees in said deed of February 3rd, 1934, J. E. Murrah, Dan Murrah, R. H. Murrah and Tol Murrah, and all other parties interested adversely, setting aside, cancelling, annulling and holding for naught said fraudulent conveyance of February 3rd, 1934, as to Plaintiffs, subjecting all of the property, real, personal and mixed, attempted to be therein and thereby conveyed to the payment of said indebtedness, establishing and foreclosing their statutory lien on and against all of said property, real, personal and mixed described in and attempted to be so conveyed by said fraudulent deed as to all parties adversely interested in this cause, that said property be decreed to be sold as in such cases made and provided by law," and for general and special relief.

The trial court sustained defendants' general demurrer to plaintiffs' said amended petition and upon plaintiffs' refusal to amend dismissed the suit. Plaintiffs have appealed from the judgment of dismissal.

It is contended by plaintiffs that as the decedent died possessed of no property there was no necessity for administration upon his estate, and the probate court acquired no jurisdiction thereover; that having no jurisdiction, the action of that court disapproving plaintiffs' claim was void and of no force or effect. We have held in the related case No. 10650, Markward et al., v. Murrah, supra, that a similar contention must be overruled for the reason that the probate court, having previously assumed jurisdiction over the estate and adjudicated the question of necessity for administration, its orders thereon were final and can-

not be questioned in an incidental collateral proceeding instituted by claimants, in the course of the administration, to procure approval of their claim against the decedent's estate. We now reiterate that holding. By the same token, plaintiffs cannot question that adjudication in this collateral proceeding in the district court to establish their said claim.

■ Plaintiffs alleged in their petition that after the institution of this suit the trial court sustained exceptions to their original and successive amended petitions, upon the purported ground that plaintiffs had not first presented their claim to the administrator of the Murrah estate before suing thereon, whereupon plaintiffs "elected to amend" their pleading from time to time, and pending further proceedings in the district court did present their claim to such administrator in administration proceedings then pending in the probate court, and procured his allowance thereof, and further procured an adjudication of the claim by the probate court, which, upon final hearing, disapproved it, resulting in plaintiffs' appeal from the probate to the district court, and to this court from a like adverse judgment in the district court. These allegations in plaintiffs' trial petition, then, show, in effect, that while this suit was pending in the district court plaintiffs voluntarily sought and procured an adjudication of their claim in the probate court, in a valid administration proceeding then pending therein, wherein the probate court disapproved the claim, as shown in plaintiffs' stricken pleading in the district court. The ultimate result is, then, that plaintiffs sought to recover in this case upon a claim which had been adversely adjudicated, at their instance, in another court of competent jurisdiction, upon a final judgment induced by plaintiffs' own voluntary election to resort to that court for relief. That final judgment, so induced by their own election, was binding upon plaintiffs, and their attempt to question its validity and binding effect in the course of this collateral proceeding in another court cannot prevail. Plaintiffs contend that they were forced to resort to the probate court for adjudication of their claim because of the ruling of the district court sustaining exceptions to their pleadings therein. We cannot adopt this contention. When the trial judge sustained those exceptions, plaintiffs were confronted with the alternative of seeking relief in the probate court, and amending their pleadings showing resort to that relief, or of standing on the sufficiency of their original pleadings, refusing to amend, and appealing from the threatened dismissal of their suit, if such dismissal had followed. Plaintiffs, being squarely put to election, chose the former course, and having pursued it to disaster, must abide by its result.

■ Finally, under the facts stated, plaintiffs' petition showed their suit to be one to set aside an alleged fraudulent conveyance and subject the property conveyed to the payment of a debt which a court of competent jurisdiction had held, in a final judgment not questioned in a direct proceeding for that purpose, does not exist, and in the face of this affirmative showing of no debt, plaintiffs' petition showed no cause of action, since their right to cancel depended upon the establishment of the alleged debt.

In passing, we point out the fact that while they sought to recover of the administrator of the estate of R. H. Murrah and the latter's children as his heirs at law, plaintiffs alleged facts showing, affirmatively, that they had no cause of action against those defendants in those capacities. For it appeared from their petition that the property plaintiffs sought to recover had been conveyed away by the decedent before his death, and therefore never passed to the administrator of his estate, nor did it pass to the children of the intestate by inheritance, but only by purchase, wherefore, plaintiffs' own allegations disclosed that they had no cause of action against the administrator or the heirs of the intestate, as such. And in no event did plaintiffs state a cause of action against the several remaining defendants, for they neither inherited nor purchased the property involved, and were shown by the stricken pleading to own or claim no interest therein. These facts, however, appear to be irrelevant to the inquiry, even though plaintiffs' stricken pleading may be construed, when tested by the general demurrer, to state a cause of action for cancellation against the four named sons of the intestate, in their individual capacity.

For the reasons previously stated, the trial court did not err in sustaining the general demurrer to plaintiffs' third amended original petition, and the judgment must therefore be affirmed.