**MARKWARD et al. v. MURRAH et al.**

**No. 10650.**

Court of Civil Appeals of Texas. San Antonio.

Jan. 17, 1940.

Rehearing Denied Feb. 14, 1940.

John L. Dodson, of Del Rio, for appellants.

Wallace & Thurmond, of Del Rio, for appellees.

SMITH, Chief Justice.

On August 11, 1931, J. R. Murrah, of Val Verde County, executed and delivered his promissory note for $346.50 to C. A. Markward, and on February 8, 1932, he executed and delivered his note for $600 to Mrs. L. H. Clark and others.

Thereafter, on February 3, 1934, Murrah and wife conveyed all their property, real, personal and mixed, to their sons, J. E., R. H., Dan and Tol Murrah, for a recited consideration of ten dollars. That property consisted of several thousand acres of land, several thousand head of sheep, and several thousand dollars' worth of notes and other securities. By this conveyance the grantors divested themselves of every character of estate, leaving them wholly insolvent.

Murrah died intestate on February 13, 1934, ten days after said conveyance, leaving said notes unpaid and outstanding, except for small credits thereon.

No administration was had upon the estate of the deceased Murrah until it was instituted by Eula Markward, as executrix of the estate of C. A. Markward, then deceased, in the Probate Court of Val Verde County, inferentially in the early part of the year 1938.

In the meantime, however, on December 17, 1936, Eula Markward, executrix aforesaid, and the Clarks, each filed separate suits in the District Court of Val Verde County to recover the amount of the balance due upon said notes, and subject to the satisfaction of such amount the properties which the deceased Murrah and his wife had conveyed to their sons after the notes were executed and before Murrah's death. Those suits were brought against Mrs. Fannie Murrah, widow of the decedent maker of the notes, J. E., Dan, Tol and R. H. Murrah, grantees in said conveyance of the Murrah properties, and Mrs. Myrtle Poole, Mrs. Eno Fokes and Mrs. Matilda Bushager (joined pro forma by their respective husbands). The plaintiffs in that suit alleged that the named defendants, other than Mrs. J. R. Murrah, were "the heirs and only heirs at law," of J. R. Murrah, deceased; that J. R. Murrah died intestate on or about February 13, 1934, and that there had been no administration upon his estate nor any necessity therefor, for the reason that, because of said conveyance of his estate prior to his death, the decedent, J. R. Murrah, was hopelessly and totally insolvent at his death, and any attempt on the part of the plaintiffs in said suits to collect their said debts through an administration "would be fruitless and

wholly without any profitable results whatsoever, due to the fact that he, the said J. R. Murrah, deceased, left no estate, community or separate, to be administered through the probate court." The plaintiffs further alleged in said suits that said conveyance was made by the decedent solely to defraud his creditors, including plaintiffs, and was void under the provisions of Arts. 3996, 3997, R. S. 1925, Vernon's Ann. Civ.St. arts. 3996, 3997, whereby they were entitled to and prayed for judgment for their debt and cancelling said conveyance and subjecting the conveyed property to the payment of said debts.

Some time after the filing of said two suits, inferentially early in the year 1938, administration proceedings upon the estate of the deceased Murrah were instituted in the Probate Court of Val Verde County, apparently at the instance of Eula Markward, one of the plaintiffs and the owner of one of said notes, who was appointed administratrix of said Murrah estate. Thereupon, Mrs. Markward and the Clarks, holders of the notes and plaintiffs in said two suits in the District Court, presented their claims, based upon said notes, to Ted Langford, who by some undisclosed process had been substituted as administrator, in lieu of Mrs. Markward. Langford, as administrator, received and allowed both claims, which were listed in a report of the appraisers, who also reported the prior conveyance by the Murrahs of all their properties to their sons, as hereinabove set out. The appraisers further reported that by reason of such conveyance the decedent was made hopelessly insolvent, and died possessed of no property, separate or community. The probate judge accepted and approved the inventory, appraisement and list of claims so returned by the appraisers, which was likewise sworn to by Mrs. Markward, as administratrix. The report was dated March 5, 1938, filed March 7th, and approved by the probate judge on March 5th. .

Thereafter, on July 21, 1938, Mrs. Fannie Murrah, surviving widow, and J. E., Dan, R. H. and Tol Murrah, sons of the decedent, as the latter's heirs at law, filed their objections to the approval of said claims, and contested the same, upon the ground that they were barred by the statute of four years' limitation (Art. 5529, R. S.1925) at the time they were presented to and allowed by the administrator. To those objections the claimants answered, first, by general and special demurrers, and, second, by special answer setting out the filing and pendency of the suits in the district court, and alleging that the timely filing and continued pendency of those suits interrupted and stayed the course of limitation, wherefore, said claims were not barred, and should be approved by the probate court.

Upon a hearing in the probate court the claims were disapproved and rejected, and on appeal to the district court by claimants, the claims were again disapproved, and the claimants, Mrs. Markward and the Clarks, have prosecuted this joint appeal. The appeal seems to rest upon two contentions by appellants:

1. That the estate of the decedent, Murrah, was insolvent; that by reason of such insolvency the probate court had no jurisdiction of the proceeding, and that the order disapproving appellants' claims was therefore void; that the probate court being without jurisdiction the district court had none on appeal. This contention is presented in appellants' first and second assignments of error.

2. That the timely filing of suits in the district court upon said claims stopped the running of limitation thereon, and therefore the probate court and district court erred in disapproving the claims upon the ground that they were barred by limitation when presented to and allowed by the administrator of the estate. This contention is presented in appellants' third and final assignment of error.

■ The record does not show when or upon what showing the probate court assumed jurisdiction and ordered administration upon the Murrah estate. The record does show, however, that that court had assumed jurisdiction and that the estate was in course of administration, at the time appellants presented and procured allowance of their claims by the administrator, and filed them in the proceeding and sought approval thereof by the probate judge. In this situation it must be presumed that the probate court properly opened administration upon the estate, thereby acquiring jurisdiction thereover, aided by all presumptions in favor of the regularity and validity of the proceedings. 13 Tex.Jur. pp. 603, 637, §§ 21, 52; Simpkins Administration of Estates (3d Ed.) § 7; Heath v. Layne, 62 Tex. 686.

652

The probate court having properly opened the administration and adjudicated the question of necessity therefor, such adjudication took on the force and dignity of a final judgment, and was not subject to attack in this collateral proceeding instituted by appellants, in the course of the administration, to procure approval of their claims against the estate. Simpkins Administration of Estates (3d Ed.) § 8; 13 Tex.Jur. p. 638, § 53.

A further and relevant rule is that, when once properly assumed, the jurisdiction of the probate court continues until administration is legally closed, regardless of the continued existence or cessation of any necessity therefor. Simpkins, § 7.

So that, since in this case the probate court properly assumed jurisdiction by administering upon the estate, and administration had not been closed, that court had jurisdiction over appellants' claims regularly presented, allowed by the administrator, and filed and prosecuted by claimants during the pendency of the proceeding.

Moreover, appellants affirmatively invoked that jurisdiction by voluntarily filing and prosecuting their claims and praying approval thereof by the probate court, and ought not now to be heard to challenge that jurisdiction. We overrule appellants' first and second propositions.

Under their third assignment of error appellants contend that the timely filing and pendency of the two suits in the district court had the effect of stopping the running of the statute of limitation against the notes involved, and that therefore the trial court erred in holding that the claims based on those notes were barred. It is conceded that those claims were barred in the probate and district courts, unless the bar was averted by the institution and pendency of the two suits in the district court. We are of the opinion that the trial court properly held that the claims were barred. If the claims were such as the law requires to be submitted to the probate court for approval, then no action lay to establish the claim in any other court until it had been presented to and disallowed by the administrator. Art. 3530, R.S.1925; Dempsey v. Gibson, Tex.Civ.App., 105 S.W.2d 423.

In this case the claimants themselves declared that their claims were so classified when they voluntarily elected to submit them to the administrator for allowance, and induced him to allow them.

And when the administrator allowed the claims, and the claimants filed them in the probate court for approval, the jurisdiction of that court attached, and when that court disapproved the claims, the claimants properly pursued their only available remedy by appealing to the district court, and from that court to this. By this course appellants, as claimants, have by their own voluntary efforts obtained a final adjudication of their claims, through tribunals of their own selection, having undoubted jurisdiction, and appellants are therefore bound by that adjudication, even though, under their contentions, they may have had an available alternative course.

It being conceded that appellants presented their claims to the administrator more than five years after maturity, the trial court properly held that the claims were barred, under Art. 5529, R.S.1925.

The judgment is affirmed.