CITY OF EL PASO ET AL V. EVELYN GOBEL FORTI

No. A-133.   Decided June 14, 1944.
(181 S. W. 2d Series, 579)

*Travis White,* City Attorney for the City of El Paso, and *Ernest Quinn,* County Attorney for the County of El Paso, both of El Paso, for the petitioner.

The Court of Civil Appeals erred in holding that the redemption penalty imposed by Article 7345 does not apply when the land is bought in by the taxing unit, and in affirming the district could redeem without penalty. Commercial Credit Co. v. American Mfg. Co., 155 S.W. (2d) 834; Meek v. Wheeler Co., 135 Texas 454, 144 S. W. (2d) 885; Luse v. Dallas, 131 S. W. (2d) 1079.

*E. W. Earl,* of El Paso, for respondent.

Article 7340 was not repealed and the redemption penalty imposed by Article 7345b, section 12, does not apply when the land is bought in by the taxing units. Buckholts v. Alsup, 56 S. W. (2d) 301; Pearsall Ind. Sch. Dist. v. Widner, 136 S. W. (2d) 647; Hart v. Winsett, 171 S. W. (2d) 853.

MR. JUDGE HICKMAN of the Commission of Appeals delivered the opinion of the Court.

This is a proceeding under the Uniform Declaratory Judgments Act of the 48th Legislature, 1943, ch. 164. The factual background of the proceeding may be stated briefly as follows: Respondent was the owner of certain lots situated in the city of El Paso. These lots were legally assessed for taxation by the City of El Paso, the State of Texas, the County of El Paso and El Paso County Road District No. 1 and, said taxes becoming delinquent, the State for the benefit of itself, the County and the Road District as plaintiff, and the City as intervenor, brought suit under Acts of the 45th Legislature 1937. ch. 506, (Vernon's Civ. St. Art 7345b), and recovered judgment against the owner for the amounts owing to the taxing units, respectively, with interest thereon. Order of sale was issued and the property sold thereunder to the City for the aggregate amount of the judgment, interest and costs. The City still holds title to this property for itself and as trustee for the other taxing units. More than one year after the date of the sale, but within two years thereafter, respondent offered to redeem the property and made tender of the amount bid by the City and all interest, penalties and costs, but the taxing units declined to accept such tender without the addition thereto of the filing fee and penalty of 50 per cent as provided in Art. 7345b, Sec. 12.

In the trial court it was ruled that respondent was entitled to redeem the property by payment to the City for itself and the other taxing units of the sum of $703.37, that being the total amount of the bid made by the City at the Sheriff's sale, and the

further payment of all taxes, interest, penalties and costs accruing against said property after the taxes and up to the date of redemption as provided by Article 7340, R. C. S. The Court of Civil Appeals affirmed the judgment of the trial court. Its opinion has not been published.

We perceive the controlling question for determination to be whether or not Article 7345b, Sec. 12, Vernon's Civ. St. prescribes the exclusive method for redeeming property sold under a judgment of foreclosure for taxes in suits brought under the provisions of that article. The Act, Article 7345b, had for its chief purpose the prevention of a multiplicity of suits by providing for the inclusion of all taxing units in one action and adjudicating the claims of all units in a suit brought by any one or more of such units. Willacy County Water Control District v. Lewis, 119 S. W. (2d) 159, and Pearsall Independent School District v. Widner, 136 S. W. (2d) 647. It is the Act which was unsuccessfully attacked in Mexia Independent School District v. City of Mexia, 134 Texas 95, 133 S. W. (2d) 118, Sec. 9 reads:

"If the property be sold to any taxing unit which is a party to the judgment under decree of court in said unit, the title to said property shall be bid in and held by the taxing unit purchasing same for the use and benefit of itself and all other taxing units which are parties to the suit. * * *"

The section with which we are primarily concerned is Section 12, relating to the question of the right to redeem from such sale. It is as follows:

"In all suits heretofore or hereafter filed to collect delinquent taxes against property, judgment in said suit shall provide for issuance of writ of possession within twenty (20) days after the period of redemption shall have expired to the purchaser at foreclosure sale or his assigns; but whenever land is sold under judgment in such suit for taxes, the owner of such property, or anyone having an interest therein, or their heirs, assigns or legal representatives, may, within two (2) years from the date of such sale, have the right to redeem said property on the following basis, to-wit: (1) within the first year of the redemption period, upon the payment of the amount bid for the property by the purchaser at such sale, including One ($1.00) Dollar tax deed recording fee and all taxes, penalties, interest and costs costs thereafter paid thereon, plus twenty-five per cent (25%) of the aggregate total; (2) within the last year of the redemption period, upon the payment of the amount bid for the property by the purchaser at such sale, including a One ($1.00) Dollar tax deed recording fee and all taxes, penalties, interest and costs

thereafter paid thereon, plus fifty per cent (50%) of the aggregate total.

"In addition to redeeming direct from the purchaser as aforesaid, redemption may also be made upon the basis hereinabove defined, as provided in Articles 7284 and 7285 of the Revised Civil Statutes of Texas of 1925."

At the time of the enactment of the Act in question there were in effect various articles of the statutes relating to redemption from tax sales, among them being Article 7340, R. C. S. reading as follows:

"Where lands or lots shall hereafter be sold to the State or to any city or town for taxes under decree of court in any suit or suits brought for the collection of taxes thereon or by a collector of taxes, or otherwise, the owner or any one having an interest in such lands or lots shall have the right at any time within two years from the date of sale to redeem the same upon payment of the amount of taxes for which sale was made, together with all costs and penalties required by law, and also payment of all taxes, interest, penalties and costs on or against said land or lots at the time of the redemption."

It was the view of the Honorable Court of Civil Appeals that Article 7340 is a special law while Article 7345b is a general law, that under the rule that the enactment of a general law does not ordinarily operate as a repeal of a special law by implication, Article 7340 was not repealed by Article 7345b and that, therefore, respondent was entitled to redeem her property by paying the amount prescribed in said Article 7340, and was not required to pay the additional amount of penalties prescribed in Article 7345b. We find ourselves unable to agree with this conclusion.

It is not necessary for us to decide in this case whether or not Article 7345b, Section 12, repealed and made wholly inoperative Article 7340 or any other article relating to redemption from tax foreclosures. It might be held in cases where only one taxing unit is a party and no other taxing unit has a claim for delinquent taxes that such articles are still in effect, but that they do not operate in a case brought under 7345b, but we do not pass on that question. Article 7345b prescribes a method of redemption in all cases brought under that article under which, if one taxing unit bids in the property, it takes same as trustee for the other taxing units in whose favor judgment ran in the foreclosure suit. Until Article 7345b was enacted a suit like the instant one, in which all taxing units became parties, was unauthorized. Prior to its enactment there were various statutes

with reference to redemption. For example, these articles may be cited: Articles 1065, 7284a and 7340, Vernon's Civ. St., each being applicable in the character of suit to which it related. Their provisions varied widely. It seems clear to us that when the Legislature enacted 7345b, whereby all taxing units could be joined in one suit and the property bid in by one such suit for the benefit of all, and prescribing the terms upon which same might be redeemed, it intended that those terms should govern in all cases of redemption in that character of suit regardless of who became the purchaser at the sale. The confusion which would result from a contrary holding in a case like the instant one, is obvious. To determine the amount to be paid to the various units, if possible to do so, when under the statutes above cited different terms were prescribed would bring into play some highly involved computations. We cannot ascribe to the Legislature the intent to create confusion when its evident purpose was simplification and clarity.

But the amount cannot be so determined, for to hold that the various statutes above cited should be applied in determining the amount of money required to be paid in order to redeem in a case like the instant one, would create an impossible situation. In this case one of the taxing units is a district. Under Article 7284a, in order to redeem as against a district, the owner would be required to pay "double the amount paid by the purchaser at such sale." That is the only basis for redemption of land sold under a decree in favor of a district, if Article 7345b, Sec. 12, is not applicable. Hinkson v. Loreno Independent School District, 109 S. W. (2d) 1008. Under Article 7340, the basis is the amount of delinquent taxes for which the sale is made. Under Article 7345 b, Sec. 8, the bid of a taxing unit may be less than the amount of taxes found to be owing. While the amount bid in this case by the City was the total amount owing to all of the taxing units, still it would not be contended that the owner would be required to pay double that amount to redeem from the district alone in addition to the amount required to be paid to the other taxing units under Article 7340. Wihout a basis of computation applicable to all of the taxing units under the various redemption statutes in existence at the time Article 7345b was enacted those statutes cannot be made to apply in a case like the instant one brought under that article.

It is our conclusion that the courts below fell into error in holding that Article 7345b, Sec. 12, did not govern in this case and both said judgments will therefore be reversed and the cause remanded.

Opinion adopted by the Supreme Court June 14, 1944.