

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 12, 1957

Mr. C. W. Karisch
County Attorney
Waller County
Hempstead, Texas

Opinion No. WW-316

Re: Does the certificate of
redemption issued after
the two-year period
authorized by Article
7291 remove the State
from the title to the
land granted it in the
foreclosure sale?

Dear Mr. Karisch:

You request the opinion of this office upon the above-captioned matter.

We quote the following from your letters as the facts upon which your request is predicated:

". . .A taxpayer became delinquent in
the payment of her taxes. A foreclosure
suit for taxes was brought against her
and the land, and under a judgment and
order of sale the land was sold to the
State of Texas. It has never been re-
sold. Shortly after two years from date
of sale, she paid all taxes and costs of
every kind. Thereafter, the State Comp-
troller duly issued his certificate of
redemption. That was in 1944. She has
been in possession, rendered and paid all
taxes on such property since that time. ...

". . .

"The suit ...was filed on May 10, 1940,
and covered taxes for the years 1929-1938.
...According to the Sheriff's return, the
property was sold on July 1, 1941, to the
State of Texas. The Sheriff's deed was dated
July 9, 1941, and was filed for record on
November 20, 1943. Apparently, from the
pleadings, the State of Texas was the only
plaintiff and Waller County was the impleaded
defendant. ..."

Upon the foregoing facts you submitted the following question:

"I would appreciate your opinion as to whether or not the certificate of redemption under the circumstances divests the State of Texas of its title acquired under the foreclosure proceeding."

Article 7291, V.C.S., was a part of the old summary sales Act applicable to sales made by the Tax Collector. Summary sales by the Tax Collector to collect delinquent taxes is no longer authorized.

Article 7328a, V.C.S.,enacted in 1929, provides as follows:

"That all sales of real estate made for the collection of delinquent taxes due thereon shall be made only after the foreclosure of tax lien securing same has been had in a court of competent jurisdiction in accordance with existing laws governing the foreclosure of tax liens in delinquent tax suits."

In construing this Act the Supreme Court, in the case of Duncan v. Gabler, 147 T. 229, 215 S.W.2d 155 said:

"The meaning of the 1929 Act is plain. Its language clearly evidences the intention of the legislature that there shall be no sale of real estate for the collection of delinquent taxes until there has been foreclosure of the lien in a court of competent jurisdiction. If valid, the Act necessarily repealed Articles 7272 to 7283 and other statutes then existing which authorized sales of land for collection of delinquent taxes without foreclosure of the tax lien in court."

We think the ruling of the court in this case is in effect a ruling that all the old summary sales provisions, including the right of redemption, are no longer applicable, this for the reason that Article 7291, V.C.S., applied only to sales made by the Tax Collector, hence not applicable to judicial sales. Therefore, a redemption receipt issued under

the authority of Article 7291, V.C.S. is a nullity and affords no protection to the taxpayer in judicial sales. The tax suit, as appears from the facts submitted, was filed under Article 7345b, V.C.S., and the right of redemption by the delinquent taxpayer is governed by Section 12 of that Statute. At the time this suit was filed and the sale thereunder, this Section of the Statute provided, in part, as follows:

> "In all suits heretofore or hereafter filed to collect delinquent taxes against property, judgment in said suit shall provide for the issuance of writ of possession within twenty (20) days after the period of redemption shall have expired to the purchaser at foreclosure sale or its or his assigns; but whenever land is sold under judgment in such suit for taxes, the owner of such property, dr anyone having an interest therein, or their heirs, assigns or legal representatives, may, within two (2) years from the date of the sale have the right to redeem said property from such purchaser on the following basis, to wit:

> "(1) Within the first year of the redemption period, upon the payment of the amount of the bid for the property by the purchaser at such sale, including a One Dollar ($1) tax deed recording fee and all taxes, penalties, interest and costs thereafter paid thereon, plus twenty-five per cent (25%) of the aggregate total.

> "(2) Within the last year of the redemption period, upon the payment of the amount bid for the property at such sale, including a One Dollar ($1) tax deed recording fee and all taxes, penalties, interest and costs thereafter paid thereon, plus fifty per cent (50%) of the aggregate total; and no further or additional amount than herein specified shall be required to be paid to effect any such redemption."

In construing this Section of the Statute, the Supreme Court, in the case of the City of El Paso v. Forti, 142 Tex. 658, 181 S.W.2d 579, said:

> ". . .It seems clear to us that when
> the Legislature enacted 7345b, whereby
> all taxing units could be joined in
> one suit and the property bid in by
> one . . .(sic)for the benefit of all,
> and prescribing the terms upon which
> same might be redeemed, it intended
> that those terms should govern in all
> cases of redemption in that character
> of suit <u>regardless of who became the
> purchaser at the sale.</u> . . ."
> (Emphasis supplied.)

The first paragraph of this Section of the Statute was amended in 1947 to make the period of redemption two years from the date of the recording of the purchaser's deed and not two years from the date of the sale as it provided prior to the 1947 amendment. This case is governed by the Statute prior to the amendment, and the right of redemption would begin to run two years from the date of the sale.

The action of the Comptroller in issuing the redemption receipt does not have the effect of working an estopper or to constitute a waiver against the State to assert title to the property. <u>Rolison v. Puckett</u>, 145 Tex. 366, 198 S.W.2d 74.

We are, therefore, compelled to hold that the failure of the delinquent taxpayer to redeem the property from the sale in the time and manner prescribed in Section 12 of Article 7345b, V.C.S., resulted in the title to the property becoming absolutely vested in the State, the purchaser at the delinquent tax sale. <u>Rolison v. Puckett</u>, 145 Tex. 366, 198 S.W.2d 74. <u>State v. Moak</u>, 146 Tex. 322, 207 S.W.2d 894. The land may now be sold by the State, as provided in Section 9 of Article 7345b, V.C.S.

We are not unmindful of the equities in favor of this taxpayer, but they do not alter the law as it has been pronounced by the Supreme Court. It may be that the taxpayer might obtain some relief upon a resale of the property by becoming a purchaser if the sale is made in conformity with the provisions of Section 9, Article 7345b, V.C.S.

S U M M A R Y

Property purchased by the State at delinquent tax sale in a delinquent tax suit filed under Article 7345b, V.C.S., must be redeemed within the time and manner prescribed by Section 12 of Article 7345b, V.C.S., before amended in 1947, otherwise the title becomes absolutely vested in the State- the purchaser at the delinquent tax sale. It may not be redeemed under provisions of Article 7291, V.C.S., which was applicable only to summary sales by the Tax Collector, and a redemption certificate issued by virtue of said Article is void and affords no protection to the taxpayer under judicial sales as provided in Article 7345b, V.C.S.

Very truly yours,

WILL WILSON
Attorney General

By  L. P. LOLLAR
Assistant

LPL:gs

APPROVED:

OPINION COMMITTEE
George P. Blackburn,

Mrs. Mary Kate Wall

B. H. Timmins, Jr.

John B. Webster

Galloway Calhoun, Jr.