MRS. EULA MARKWARD, INDEPENDENT EXECUTRIX, V.
MRS. FANNIE MURRAH ET AL.
No. 7724.
L. H. CLARK ET AL V. MRS. FANNIE MURRAH ET AL.
No. 7725.
MRS. EULA MARKWARD, INDEPENDENT EXECUTRIX, V.
MRS. FANNIE MURRAH ET AL.
No. 7726.

Decided December 3, 1941.
(156 S. W., 2d Series, 971.)

*John L. Dodson,* of Del Rio, for plaintiff in error, in each case.

On the question of jurisdiction. John Hancock Ins. Co. v. Morse, 124 S. W. (2d) 330; Willis & Bro. v. Smith, 65 Texas 656; Jones v. Hunt, 60 S. W. (2d) 1106.

On the question of the suspension of limitation. Cleveland v. Ward, 116 Texas 1, 285 S. W. 1063; Gregory v. Ward, 118 Texas 526, 18 S. W. (2d) 1049; O'Neil v. Norton, 29 S. W. (2d) 1060.

*Wallace & Thurmond* and *Boggess, LaCrosse & Lowery,* all of Del Rio, for defendants in error.

The judgment of the probate court, which is one of general jurisdiction, cannot be collaterally attacked. Weems v. Masterson, 80 Texas 45, 15 S. W. 742; Matthews v. Myers, 42 S. W. (2d) 1099; White v. Baker, 118 S. W. (2d) 319.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

The three above-styled and numbered causes involve the right of the creditors of J. R. Murrah, deceased, to set aside a sale of land and other property on the ground that same was made to defraud creditors. The material question to be determined is whether the claims of the creditors were barred by limitation. We believe that all three cases can be satisfactorily disposed of by a single opinion.

According to the allegations of the petition, Mrs. L. H. Clark and her associates held at note against J. R. Murrah due August 8, 1932, and C. A. Markward (represented herein by Mrs. Eula Markward, his wife, as executrix) held a note against Murrah due August 11, 1932. On February 3, 1934, J. R. Murrah and his wife, for a recited consideration of $10.00, conveyed to their four children, J. E. Murrah, R. H. Murrah, Dan Murrah, and Tol Murrah, all of their property, including 7462 acres of land and various other property. J. R. Murrah died intestate on February 13, 1934, and no administration was taken out on his estate at that time. On December 17,

1936, Mrs. Clark and her associates sued the grantees in said deed, together with Fannie Murrah, the widow of J. R. Murrah, to set aside said conveyance on the ground that same had been made in fraud of the rights of creditors, and to have said property sold and the proceeds thereof applied to the satisfaction of said debt. That suit is cause No. 7725 listed above, and will hereinafter be referred to as the Clark case. On the same day Mrs. Markward, as executrix of the estate of her deceased husband, filed a similar suit against the same parties. That suit is cause No. 7726 listed above, and will hereinafter be referred to as the Markward case. The petitions in each of said causes alleged that J. R. Murrah had died intestate, without leaving any property; that his estate was wholly insolvent; and that there had been no administration on his estate, and no necessity therefore. When the two suits came on for trial, the trial court sustained a general demurrer in each case on the ground that it was not alleged that the claim had been presented to the administrator of Murrah's estate for allowance and payment. Thereupon, said creditors, the plaintiffs in the two suits, caused an administration to be taken out on the estate of J. R. Murrah, deceased, in the probate court, and after considerable delay, the details of which need not here be set out, on the 23rd day of June, 1938, presented their claims, as evidenced by the notes herein sued on, to the administrator. The administrator allowed the claims, but declined to pay same because the estate had no assets. The probate court on the 25th day of July, 1938, declined to approve said claims on the ground that they were barred by limitation at the time they were so presented to that court. On appeal to the district court a similar order was entered. That suit is cause No. 7724 listed above, and will hereafter be referred to as the probate case. The plaintiffs in the Clark case and in the Markward case then amended their petitions in the district court, making the administrator of Murrah's estate a party defendant in each of said suits, and alleged that on the 23rd day of June, 1938, they had presented their claims to the administrator of the estate of J. R. Murrah, deceased, and that payment thereof had been rejected by the probate court, on the ground that said claims were barred by limitation. It was also alleged that the grantees named in said conveyances, Mrs. Fannie Murrah, and three daughters of J. R. Murrah, deceased, all of whom were named defendants, constituted the heirs and only heirs at law of the deceased J. R. Murrah. Upon presentation of said amended petitions the district court again sustained a gen-

eral demurred in each case, and upon plaintiffs' failure to amend, dismissed the suits. The judgment of the trial court in each of the three cases was affirmed by the Court of Civil Appeals. 136 S. W. (2d) 649, 652, and 656.

■ Under the provisions of Article 5527 of the Revised Statutes a suit on a written contract is barred by limitation in four years after the cause of action accrues, but under the provisions of Article 5538 of the Revised Statutes in case of the death of the debtor limitation ceases to run for a period of twelve months after such death, unless an administrator of the debtor's estate shall have sooner qualified. Under these statutes the maximum period of limitation allowed for a suit on a note where the debtor has died in the meantime is five years. From the facts hereinbefore alleged it is apparent that more than five years elapsed after the maturity of the two notes in question before same were presented to the administrator of Murrah's estate for allowance, and as a consequence the probate court, and the district court on appeal, properly held that claimants' right to assert said claims in the probate court as claims against the assets of the estate of J. R. Murrah, deceased, were barred by limitation. The probate court, having taken jurisdiction of the estate, had a right to pass on the validity of said debts as claims against said estate. Under these circumstances the judgments of the trial court of the Court of Civil Appeals in the probate case must be affirmed.

■ However, the mere fact that such claims were not timely presented to the administrator as claims against the assets of the estate of J. R. Murrah, deceased, did not bar claimants' rights to assert as a basis for a suit to set aside said alleged fraudulent conveyance. It is true that it was necessary for such creditors to allege and prove a valid claim against the alleged fraudulent grantor as a basis for their suit to set aside said conveyance. It was incumbent on them to show that their claims were not barred by limitation at the time they filed their suit. McClenney v. McClenney, 3 Texas 192. It appears, however, that they filed their suits to set aside said fraudulent conveyance within less than five years after maturity of their debts, and that no administration on Murrah's estate had been taken out in the meantime. Hence, under the above-mentioned statutes, their debts were not barred by limitation at the time the suits were filed to set aside said fraudulent conveyance.

■ It was not necessary for such creditors to file their claims

with the administrator of Murrah's estate and to secure an allowance and approval of same as a condition precedent to the maintenance of a suit to set aside such conveyance. This is so because the property conveyed to the fraudulent grantees constituted no part of Murrah's estate and his administrator had no interest whatever therein. Murrah by conveying the property to his grantees, even though the conveyance was fraudulent, parted with all title therein so far as he was concerned. He could not have recovered the property, and for the same reason his estate had no interest therein. Any excess in the property over and above the amount necessary to satisfy prior creditors would belong to the fraudulent grantees. An administrator administers only the assets of the estate of the deceased, and since the deceased had no recoverable interest in the property, the administrator had no interest therein. Willis & Bro. v. Smith, 65 Texas 656; Wilson v. Demander, 71 Texas 603, 9 S. W. 678; John Hancock Mut. Life Ins. Co. v. Morse, 132 Texas 534, 124 S. W. (2d) 330, paragraphs 1 and 2, and authorities therein cited.

■ Since the claims were being asserted in the district court, not as claims against the assets of the estate, but merely as a basis for the suit to set aside the alleged fraudulent conveyances, the administrator had no interest in either the validity of the debt or in the property sought to be subjected to their payment, and consequently it was not necessary that such claims be presented to the administrator for allowance and approval, especially where it was shown that the estate was entirely without any assets and that any attempt to collect same out of the estate would be fruitless. Moore v. Belt, 206 S. W. 225, par. 6; Willis & Bro. v. Smith, 65 Texas 656; Cobb v. Norwood, 11 Texas 556, Heard v. McKinney, 1 Posey, Texas Unreported Cases, 83; Ramsey v. Abilene Building & Loan Assn., 57 S. W. (2d) 877.

■ Although the claims had been rejected by the probate court as barred by limitation at the time same were asserted therein as claims against the assets of the estate, this did not constitute an adjudication that said claims were likewise barred by limitation and therefore invalid at the time same were sued on in the previously filed suits in the district court. It is apparent that by reason of the difference in the dates involved, the claims were barred by limitation when filed in the probate court, but not so barred when the suits were filed in the district court. The district court first acquired jurisdiction of the

suits to set aside the fraudulent conveyance, and at that time the debts were not barred by limitation. The district court having acquired jurisdiction over the subject matter, it then became a question for that court and not the probate court to adjudicate the validity of said claims so far as they were asserted only as a basis for the suit to set aside the fraudulent conveyance. Having acquired jurisdiction, it had the right to determine that question for itself. Any subsequent order of the probate court could not defeat the previously attached jurisdiction of the district court. Ford v. Wheat, 59 S. W. (2d) 469; 11 Tex. Jur. 725.

According to the allegations in plaintiffs' petitions in the Clark and Markward cases, the debts were not barred by limitation at the time those suits were filed, and the mere fact that the probate court in a subsequent action had held that the claims were barred when presented in that court did not require a holding by the district court that the suits in the district court were likewise barred by limitation. The court therefore erred in sustaining the general demurrer to the petition in the Clark case and in the Markward case.

The judgment of the trial court and the Court of Civil Appeals in the probate case will be affirmed. The judgments of the trial court and the Court of Civil Appeals in the Clark case and in the Markward case will be reversed, and the causes remanded to the trial court for a new trial.

Opinion delivered December 3, 1941.