**DICKERSON v. YARBROUGH et ux.**

No. 14083.

Court of Civil Appeals of Texas. Dallas.

Sept. 23, 1949.

L. F. Sanders, Canton, for appellant.

H. C. Geddie, Canton, for appellees.

YOUNG, Justice.

On November 1, 1947 and after probate·thereof, appellant Dickerson was appointed' administrator under the joint and mutual' will of C. H. and Martha Payton, husband and wife, duly qualifying as such and·' filing inventory and appraisement; Martha: Payton having died in 1944, and survivor C.

H. Payton in July 1947. Suit was then initiated by Louveria Yarbrough, daughter of Mrs. Payton by a former marriage, for construction of the will. See Dickerson v. Yarbrough, Tex.Civ.App., 212 S.W.2d 975, for disposition thereof, provisions of the will, and other material facts. During the pendency of above suit for construction, various applications were made by the administrator and orders entered by the probate court in due course of administration. In September 1948, the administrator filed his final account and application to close the estate, which was contested by Louveria Yarbrough in a plea to the jurisdiction, and, upon hearing, all orders entered during process of administration were rescinded, set aside and held for nought except that probating the will. On appeal to the District Court of Van Zandt County and hearing de novo, aforesaid action of the probate court was sustained on the ground "that said C. H. Payton had no interest but a life estate in said property and no administration was necessary upon the estate." The latter judgment was excepted to and is properly before this court for review.

Terms of the will (see construction case, supra) left all property, real and personal, to the survivor as independent executor of the community estate; and after death of Martha in 1944 and probate of will, the husband, C. H. Payton, qualified as such executor, no further action being taken by him, as none was necessary; the testament further providing that upon death of survivor the estate should then be equally divided between next of kin of said demised couple. Here it should be noted that a construction of the joint will was made necessary because of disagreement between devisees involving (1) division of the property (whether there were two groups of beneficiaries rather than one), and (2) validity of a conveyance by survivor Payton of 14½ acres out of the estate to Louveria Yarbrough in January 1947; and the adversary parties in both construction case and here are seen to be the nieces and nephews (next of kin) of C. H. Payton on the one hand and Louveria Yarbrough, daughter of Martha Payton, deceased, on the other.

Application for probate of the C. H. Payton will and for letters of administration was by two of the nieces, alleging generally a necessity therefor, and further for the "purpose of paying the debts due by said estate and collecting certain debts for said estate, and to fully preserve said estate for those entitled to same." The inventory and appraisement reported property, viz: Tract of 14½ acres and of 32 acres (homestead) out of different surveys, each valued at $2,000; money in bank $132.60; and old Ford car and itemized household articles, total value $430; with no debts due or owing (claimants having one year within which to file, Art. 3509, Vernon's Ann.Sts.).

The following orders and disbursements were made in course of administration, preceded by application: Approval of inventory and appraisement; sale of personal property (household articles to appellees); order authorizing administrator to hire attorney defending suit of appellants making claim to the 14½-acre tract, also for services rendered C. H. Payton in lifetime; (aforesaid demand of appellees for $1,251 was filed in probate proceeding and by administrator rejected, such suit and claim being later withdrawn and dismissed); orders allowing payment of county and school district taxes for 1947; authorizing payment to attorney for probate of will and services in construction case, along with other items of court costs and bond premiums. Authority was given to lease the property to appellants for the year 1948 at cash rental of $100.

Appellees say in their contest of administrator's final account and application for discharge, (1) that following death of Mrs. Payton and probate by survivor of the joint will as to her, the rights of devisees (next of kin) became vested; a life estate only remaining with the survivor which expired at his death, with the result that there was no estate left to administer by anyone; and (2) even assuming the existence of an estate left by testator Payton, there were no debts due

on face of the record (inventory and appraisement) and hence no necessity for administration as a matter of law.

These contentions are obviously without merit for several reasons. In the first place, a showing of indebtedness due by the estate is essential only in case of intestacy, Art. 3370, Vernon's Ann.Sts., and is not a requisite in event of an existing will. Arts. 3355, 3369, Vernon's Ann. Sts.; Buchner v. Wait, Tex.Civ.App., 137 S.W. 383, writ refused; Elliott v. Elliott, Tex.Civ.App., 208 S.W.2d 709. Secondly, while the contractual element underlying this joint will precluded the survivor from making any disposition of property in conflict therewith, yet the will was not otherwise different from any other testamentary instrument devising property. Survivor Payton was in possession thereof at time of death and only under the second probate did the rights of beneficiaries fully mature. Where the court probates a will, its jurisdiction attaches for all purposes connected with the estate. Wallace v. Dubose, Tex.Civ.App., 242 S.W. 351; and in accordance with its further duty to see that provisions and directions of the will are specifically executed (Art. 3433) may grant letters testamentary, should administration appear to be necessary (Art. 3355), such necessity to be determined by the court hearing the application (Art. 3356).

The probate court having jurisdiction and power to appoint the administrator with will annexed, its order of appointment, if improper, is not void but merely voidable and subject to attack only in a direct proceedings by appeal, certiorari, or bill of review charging fraud, accident, or mistake. 13 Tex.Jur., secs. 50, 53. "It is well settled that where a court of general jurisdiction, in the exercise of its ordinary judicial functions, renders a judgment in a cause of which it has jurisdiction, such judgment is never void, no matter how erroneous it may appear from the face of the record or otherwise to be."

Templeton v. Ferguson, 89 Tex. 47, 33 S.W. 329, 333.

Further in the same connection, when the county court acquired jurisdiction over the estate of these decedents under their joint and mutual will, the question of whether a necessity existed for appointment of administrator was for that court to decide in the exercise of its discretionary powers, Hart v. Hart, Tex.Civ.App., 170 S.W. 1071, writ refused; and its judgment should be invulnerable to attack, even in a direct proceeding, except in case of abuse. Certainly it is not subject to attack in this, a collateral proceeding, appellant's plea to the jurisdiction not being in nature of a bill of review. Whitman v. Haywood, 77 Tex. 557, 14 S.W. 166; Richardson v. Bean, Tex.Civ.App., 246 S.W. 1096, writ refused; Hicks v. Oliver, 78 Tex. 233, 14 S.W. 575.

The instant record is quite analogous to that presented in Markward v. Murrah, Tex.Civ.App., 136 S.W.2d 649, 652, affirmed 138 Tex. 34, 156 S.W.2d 971, 138 A.L.R. 242, where complainants, after first acquiescing in the setup of administration,[1] later became dissatisfied therewith, urging on appeal invalidity of the proceedings ab initio. It was there held: "The probate court having properly opened the administration and adjudicated the question 'of necessity therefor, such adjudication took on the force and dignity of a final judgment, and was not subject to attack in this collateral proceeding instituted by appellants, in the course of the administration, to procure approval of their claims against the estate. Simpkins Administration of Estates, 3d Ed., § 8; 13 Tex.Jur. p. 638, § 53." [136 S.W.2d 652.] Moreover, appellants, having affirmatively invoked the probate court's jurisdiction by voluntarily filing claim for services rendered decedent, are now in no position to challenge that jurisdiction. Markward v. Murrah, supra.

Judgment of the district court in question is accordingly reversed and here rendered, reinstating appellee's said appointment as administrator and the proceedings

---

1. In stipulated facts of the construction case, 212 S.W.2d 975, appellee Louveria Yarbrough agreed that appellant Dicker- son was the properly appointed, qualified and acting administrator of the estate of C. H. Payton, deceased.

and orders subsequent thereto; with the result that the county court should proceed to a hearing of administrator's final report as required by law, together with such other objections and exceptions as may properly be urged thereto. Upon entry by the district court of judgment in accordance herewith, the clerk of said court is instructed to certify same to the probate court for observance.