William DELLERMAN et ux., Appellants,

v.

C. A. MANGOLD et ux., Appellees.

No. 12705.

Court of Civil Appeals of Texas. San Antonio.

Sept. 8, 1954.

Rehearing Denied Oct. 6, 1954.

Dibrell, Gardner, Dotson & Graham, San Antonio, for appellants.

Geo. R. Thomson, Robert Sawtelle, San Antonio, for appellees.

POPE, Justice.

This is an appeal from an instructed verdict granted in favor of the defendants below in a trespass to try title action. Because Mr. and Mrs. William Dellerman

are estopped to deny the appellees' title, the judgment will be affirmed.

In 1938, Frank Rogers was the owner of a judgment which had been rendered against Mr. and Mrs. William Dellerman in April of 1934. By force of the judgment, a levy was made and Rogers later bought the property at a sheriff's sale. Mr. and Mrs. Mangold then filed a trespass to try title action against Rogers to set that sale aside and alleged that the Dellermans had already conveyed the property to Mrs. Mangold, their daughter. Rogers cross-acted against Mr. and Mrs. Mangold and also against Mr. and Mrs. Dellerman and claimed that the deed from Dellerman to Mrs. Mangold was void because it was executed for the purpose of hindering, delaying and defrauding creditors. The Dellermans and the Mangolds, as co-defendants, won a verdict from the jury that the conveyance by Dellerman to Mrs. Mangold was not made for the purpose of defeating Dellerman's creditors, and also that the conveyance was made for a valuable consideration.

The Dellermans and the Mangolds, as co-defendants, convinced the court and jury in the 1938 action, that the deed was valid, and obtained a judgment that Rogers take nothing. Rogers, the creditor in 1938, was unable to enforce his judgment against the Dellermans because Mr. Dellerman had already validly conveyed his property to his daughter, Mrs. Mangold.

The Dellermans, by their present trespass to try title action against Mr. and Mrs. Mangold now say that there never was a delivery of the deed. Mr. Dellerman testified that he executed the deed and personally caused it to be recorded. However, he says that it was not done for the purpose of vesting title in Mrs. Mangold, but was done to avoid the levy upon the property by creditors. Mr. Dellerman in the instant case, when asked the reason for his execution and recording of the deed to his daughter, frankly stated that it was done to keep Rogers from taking his property. When asked if that was his reason, he replied: "Absolutely." The Dellermans' brief argues that the reason Mr. Dellerman recorded the deed was to defeat his creditors. In support of that reason he testified and argues in his brief that he controlled the former case, hired the lawyers, paid them their fee, and paid the expenses of the Mangolds in appearing and defending the suit.

The point in this case is rather shocking. Dellerman gained a judgment in 1938 that he did not own the property, by proving that his deed to his daughter was not made for the purpose of defrauding his creditors. Having defeated his creditors back in 1938, he now urges that he does own the property because the deed to his daughter was executed only as a device to defeat his creditors. All the other points in the case converge around this fact. For Dellerman to set aside his deed to Mrs. Mangold he must prove that it was executed and recorded to defraud his creditors, but when he does that he loses his case under the law. The Supreme Court has closed the door to grantors who shield their property from the just claims of creditors and later seek to recover from their grantee in whom was placed the apparent title. Lott v. Kaiser, 61 Tex. 665, 670. If everything happened that Dellerman claims, he has no enforceable right. "This is so for reasons of public policy, to discourage fraudulent transactions. The courts leave the parties in the position in which they have placed themselves. Davis v. Sittig, 65 Tex. 497." Hughes v. Hughes, Tex.Com. App., 221 S.W. 970, 972; Markward v. Murrah, 138 Tex. 34, 156 S.W.2d 971, 138 A.L.R. 242; Smith v. Chipley, 118 Tex. 415, 16 S.W.2d 269; Gordon v. Thorp, Tex. Civ.App., 53 S.W. 357; Humble Oil & Refining Co. v. Webb, Tex.Civ.App., 177 S.W. 2d 218; Hoeser v. Kraeka, 29 Tex. 450; 37 C.J.S., Fraudulent Conveyances, § 267; 20 Tex.Jur., Fraudulent Conveyances, §§ 94, 100, 103.

The judgment is affirmed.