**MELETIO ELECTRICAL SUPPLY COM-
PANY, Appellant,**

v.

**Orbia M. MARTIN, Appellee.**

**No. 4787.**

Court of Civil Appeals of Texas.

Waco.

Feb. 20, 1969.

Tom D. Matthews, Jr., Dallas, for appellant.

McClintock & Herring, Waco, for appellee.

## OPINION

HALL, Justice.

This action was brought against appellee by the executor of the estate of appellee's deceased husband to set aside a deed by which the deceased conveyed two tracts of land to appellee. Appellant, a creditor of the deceased, intervened.

The pleadings upon which the executor and the appellant went to trial were substantially the same, and alleged that appellant held a judgment against the deceased at the time the deed was executed; that the deed creates a cloud on property that should be included in deceased's estate; that the deed was not intended to vest any title in appellee, but was executed in fraud of creditors and specifically in fraud of appellant; and that deceased and appellee knew these facts when the deed was executed. They prayed for judgment cancelling the deed, declaring it to be of no force and effect, and allowing the property to be administered in the estate of the deceased.

After a hearing without a jury, the trial judge rendered a take-nothing judgment against the executor and appellant. The executor did not appeal.

Appellant's plea in intervention did not seek to foreclose its judgment lien or otherwise subject the property allegedly fraudulently conveyed by the deceased to the payment of the debt. As stated in its

brief, appellant intervened in this lawsuit "on behalf of plaintiff," the executor, and it is clear to us from the record that the only remedy sought by appellant in the trial court was an unqualified cancellation of the deed and the vesting of title to the land in the executor so that the property could be administered in the estate of the deceased. In oral argument before this court, there was an indication of change of posture by appellant; but appellant is restricted on appeal to the theory on which the case was tried in the lower court. Safety Casualty Company v. Wright, 138 Tex. 492, 160 S.W. 2d 238, 245 (1942).

 Assuming the deed was executed in fraud of appellant, neither the executor nor appellant can maintain an action to divest title out of appellee and vest it in the executor or the estate of the deceased. The executor cannot because he administers the estate as it existed at the death of the deceased. The deceased would have been bound by the deed and could not himself have maintained a suit to set it aside. The property having passed from the deceased during his lifetime, he has no title which can descend to his heirs or vest in his estate for payment of debts, and the executor has no interest in it. Wilson v. Demander, 71 Tex. 603, 9 S.W. 678 (1888); Markward v. Murrah, 138 Tex. 34, 156 S.W.2d 971, 974, 138 A.L.R. 242 (1941). Appellant cannot maintain the action because a creditor's judgment subjecting property fraudulently conveyed by its debtor to the payment of the debt cannot have the effect of revesting title in the fraudulent grantor. John Hancock Mutual Life Insurance Company v. Morse, 132 Tex. 534, 124 S.W.2d 330, 333 (1939). In the Morse case the material facts are quite similar to those in the case before us. The court held that "on no theory" could the defrauded creditor divest title from the grantees and vest it in the administrator of the estate of the grantor, because any excess after a creditor's debt is satisfied passes to the fraudulent grantee and not to the fraudulent grantor. Cf. Stierlin v. Teschemacher, 333 Mo. 1208, 64 S.W.2d 647, 654, 91 A.L.R. 121 (1933).

Appellant was not entitled to the relief it sought, and the judgment of the trial court is affirmed.

In view of this disposition, it is not necessary to discuss appellant's two points of error, which complain of certain findings of the trial judge.

Judgment affirmed.