**Robert A. YARBER, Appellant,**

v.

**Truman K. PENNELL, Appellee.**

**No. 17234.**

Court of Civil Appeals of Texas.

Dallas.

May 30, 1969.

Rehearing Denied July 18, 1969.

William S. Campbell, Dallas, for appellant.

Franklin H. Perry, of Thompson, Coe, Cousins, Irons & Porter, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

The principal question involved in this appeal is whether the doctrine of judicial estoppel effectively barred appellant's plea of limitations against appellee's suit on a promissory note.

On January 15, 1960 Robert A. Yarber executed his note in the principal sum of $10,000 payable to the order of Truman K. Pennell. Yarber received the $10,-000 in money. The note was due June 15, 1960. On or about that date Yarber paid $300 accrued interest but has not paid any other portion of the principal or interest. On November 18, 1960 Pennell, as plaintiff in Cause No. 56–195–H in the 160th District Court of Dallas County, Texas, sued Yarber on the promissory note. In reply Yarber filed a verifed amended answer in which he alleged that on or about July 13, 1960 he and Pennell had a conference in Dallas during which their respective financial reverses were discussed and Pennell proposed that if Yarber would pay the $300 accrued interest on said note that he, Pennell, would extend and carry said note until "Defendant had an opportunity to recover from his financial reverses * * *." Yarber said that he paid the $300 interest and that on or about November 1, 1960, approximately two weeks before the filing of the suit, he had another conference with Pennell at which time Pennell again assured him "not to worry about the note and that he, Plaintiff, would carry the notes as previously agreed so that Defendant would have an opportunity to recover from his financial reverses." In reply to Pennell's motion for summary judgment Yarber executed an affidavit in which he again related the facts that Pennell had agreed to extend the date of payment of the promissory note "until Defendant had an opportunity to recover from his financial reverses * * *." In "Defendant's Reply to Plaintiff's Request for Admissions", filed in the original suit, Yarber, under oath, denied that the maturity date of the note sued upon was July 15, 1960. Thereafter, on November 1, 1962, the original suit was dismissed, without prejudice, at the request of Pennell.

The present suit was filed in the 134th District Court of Dallas County, Texas on March 24, 1965. Pennell, as plaintiff in this action, sought recovery on the prom-issory note described in the first action. Yarber responded by pointing out that this action was instituted more than four years after June 15, 1960, the date on which the note was due, and therefore Pennell's action was barred by the four year statute of limitations, Art. 5527, Vernon's Ann. Civ.St. Seeking to interdict the obvious disastrous effect of the plea of limitations, Pennell answered by asserting in detail the sworn pleadings, admissions and affidavits executed by Yarber in the prior suit, involving the same parties and same subject matter, wherein Yarber had, under oath, contended that Pennell had granted him an extension of time within which to discharge the promissory note, and by virtue of such actions Pennell charged that Yarber was both equitably and judicially estopped to say now that the action was barred by the statute of limitations.

The case was submitted to the court and a jury and in response to special issues submitted the jury found: (1) that either before or after the first lawsuit was filed Yarber had requested Pennell to extend the time for payment of the note in question until Yarber had an opportunity to recover from his financial reverses; (2) that in response to Yarber's request Pennell agreed with him to extend the time of payment of the note; (3) that when Pennell dismissed the first lawsuit he did not do so in reliance upon Yarber's sworn statement concerning the extension of time for payment of the note; (4) that before March 25, 1961 Yarber did not have an opportunity to recover from his financial reverses; (5) that at the time Pennell dismissed the first lawsuit he did not do so in reliance on any request of Yarber for the extension of time for the payment of the note in question. Based upon the verdict of the jury the court rendered judgment in favor of Pennell and against Yarber for the principal amount of the note in question, together with attorney's fees and interest.

In a number of points, 1 through 9 inclusive, appellant Yarber assails the judg-

ment against him which was obviously based upon the court's application of the doctrine of judicial estoppel. Appellant argues under these points that the doctrine of judicial estoppel is not available under the record in this case, as a matter of law because, inter alia, the doctrine of judicial estoppel is not applicable under the public policy of this state as announced by our Supreme Court. He further argues that the doctrine of judicial estoppel cannot be invoked under the facts in this case because. (1) Yarber was not successful in the first action; (2) not proper to be applied under the pleadings of Pennell; (3) not available because Pennell joined issue with the sworn pleadings of Yarber in the first action; (4) because Pennell voluntarily dismissed the first cause of action; and (5) because Pennell acted with careless indifference in voluntarily dismissing the first cause of action in waiting until March 24, 1965 to file the second suit.

We have carefully considered all of appellant's contentions presented to these points of error and find the same to be without merit and therefore overrule them.

■ Generally it may be said that under the doctrine of judicial estoppel a party who by his pleadings in an action has assumed a particular position, may not in a subsequent action assume an inconsistent position, and may be estopped by the mere fact of having alleged or admitted in his pleadings in a former proceeding, the contrary of the assertions sought to be made. 31 C.J.S. Estoppel § 121(b), p. 649. In Texas the doctrine of judicial estoppel has long been recognized with the modification that the statement or contention in a prior proceeding must have been made under oath. Long v. Knox, 155 Tex. 581, 291 S.W.2d 292 (1956).

"It has been said that the purpose of the doctrine of judicial estoppel is to suppress fraud, and to prohibit the deliberate shifting of position to suit exigencies of each particular case that may arise concerning the subject matter in controversy; but at least in so far as this doctrine is applied to statements under oath, its distinctive feature has been said to be the expressed purpose of the court, on broad grounds of public policy, to uphold the sanctity of an oath, and to eliminate the prejudice that would result to the administration of justice if a litigant were to swear one way one time and a different way another time." 31 C.J.S. Estoppel § 121, p. 650; Melton v. Anderson, 32 Tenn.App. 335, 222 S.W.2d 666, 669 (1948); Sartain v. Dixie Coal & Iron Co., 150 Tenn. 633, 266 S.W. 313 (1924).

■ It is important to observe the distinction between the doctrines of judicial and equitable estoppel. The elements of reliance and injury, essential to the application of the doctrine of equitable estoppel, are not necessary in the proper application of the doctrine of judicial estoppel.

Our Supreme Court in Long v. Knox, 155 Tex. 581, 291 S.W.2d 292 (1956), announced the law of this state concerning judicial estoppel as follows:

"The doctrine of judicial estoppel is not strictly speaking estoppel at all but arises from positive rules of procedure based on justice and sound public policy. It is to be distinguished from equitable estoppel based on inconsistency in judicial proceedings because the elements of reliance and injury essential to equitable estoppel need not be present. 'Under the doctrine of judicial estoppel, as distinguished from equitable estoppel by inconsistency, a party is estopped merely by the fact of having alleged or admitted in his pleadings in a former proceeding under oath the contrary to the assertion sought to be made.' 31 C.J.S. Estoppel § 121, p. 390; Grier v. Canada, 119 Tenn. 17, 107 S.W. 970; Sartain v. Dixie Coal & Iron Co., 150 Tenn. 633, 266 S.W. 313. * * *

"Although the injunction suit was dismissed and the restraining order expired,

the purpose of the affiant was accomplished as thoroughly as if a judgment had been entered in favor of the plaintiffs in that suit. The creditor was convinced and abandoned further efforts. Knox gained the advantage of preventing the property from being sold. Having thus sworn under oath in this judicial proceeding that his wife owned the property in her separate right he would not be heard now to maintain a contrary position in the absence of proof that the averment was made inadvertently or by mistake or by fraud or duress. There was not only no proof of this character but rather the evidence shows conclusively that the affidavit was made voluntarily, with full knowledge of all the facts and with the intention to prevent satisfaction of the judgment against him. Kirby v. Fitzgerald, 126 Tex. 411, 89 S. W.2d 408; Railroad Commission v. Arkansas Fuel Oil Co., Tex.Civ.App., 148 S. W.2d 895, wr. ref.; Dellerman v. Mangold, Tex.Civ.App., 271 S.W.2d 720; Smith v. Chipley, 118 Tex. 415, 16 S.W. 2d 269."

The rule announced in Long v. Knox has been followed in the more recent cases of West v. Carpenter, 366 S.W.2d 826 (Tex. Civ.App., Amarillo 1963, writ ref'd n. r. e.) and Gibson v. Johnson, 414 S.W.2d 235 (Tex.Civ.App., Tyler 1967, writ ref'd n. r. e.).*

█ We think the record before us clearly justifies the implementation of the rule of Long v. Knox, supra, against appellant Yarber. In a previous action brought upon the same note he there, under oath, affirmatively stated facts to show that the due date of the note had been extended by Pennell. The jury found that such exten-

sion had been requested by Yarber and granted by Pennell. To now permit Yarber to assert a contention which would be diametrically opposed to his previously asserted position would go directly into the teeth of the rule of public policy announced by our Supreme Court.

█ Appellant has cited us no cases, and we have been unable to find any, in support of his contention concerning the inapplicability of the doctrine of judicial estoppel because of Pennell's action in joining issue in the first suit or in voluntarily dismissing the first suit. The jury's answer to Special Issue No. 4, which is unassailed, answers appellant's argument concerning Pennell's alleged dilatory action in delaying the filing of the present suit.

In appellant's tenth and eleventh points of error he argues that the doctrine of equitable estoppel is not available to appellee. Appellee, in oral argument before this court, and impliedly in his brief, candidly concedes that the answers of the jury to Special Issues 3 and 5, having to do with reliance upon the sworn statements, preclude the application of the doctrine of equitable estoppel against appellant. This renders it unnecessary that we discuss appellant's points 10 and 11 since they become immaterial in the final disposition of this appeal.

Appellant, by his points 13, 14 and 15, presents procedural errors having to do with the action of the trial court in overruling special exceptions, and excluding an exhibit and in failing to submit a requested special issue. We have carefully examined these points and find that they are wholly without merit. In any event, no reversible error is reflected by either of the points. Rule 434, Vernon's Texas Rules of Civil Procedure.

---

* In Simpson v. Simpson, 380 S.W.2d 855 (Tex.Civ.App., Dallas 1964, writ ref'd n. r. e.), we reviewed the authorities which apply the doctrine of judicial estoppel in Texas but held that the doctrine was not shown to exist, as a matter of law, under the facts in that case. There it was alleged and proved that Mrs.

Simpson, the party charged with having made a prior inconsistent statement, had made same based upon a mistake of fact. The record in the instant case contains no pleadings or proof that Yarber made the prior statements under oath because of mistake, fraud or duress.

By his point 15 appellant charges that the trial court erred in overruling his exceptions to "Special Issues 1, 2 and 4, so submitted to the jury in the charge of the court." In his sixteenth and last point of error appellant alleges generally that the court erred in not rendering a take nothing judgment in favor of Yarber. Both of these points are too vague and too general to comply with briefing rules. Rule 418, T.R.C.P.; Texas Life Ins. Co. v. Jordan, 253 S.W.2d 906 (Tex.Civ.App., Fort Worth 1952, writ ref'd); City of Nederland v. Callihan, 299 S.W.2d 380 (Tex.Civ.App., Beaumont 1957, writ ref'd n. r. e.).

Finding no reversible error reflected by the record in this case the judgment of the trial court is affirmed.