**Mildred A. PERRY, Appellant,**

v.

**GREAT SOUTHERN LIFE INSURANCE COMPANY et al., Appellees.**

No. 15997.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 7, 1972.

Rehearing Denied March 8, 1973.

Robert G. Barstow, Houston, for appellant.

Vern J. Thrower, K. D. Keenan, Greg W. Thrower, Houston, for appellees.

COLEMAN, Justice.

This is a contest over the right to collect the proceeds of a life insurance policy. Both the administrator of the estate of Ralph A. Perry, deceased, and Mildred A. Perry, his widow, claimed the proceeds of the policy. The insurance company filed an interpleader suit and deposited the funds in the registry of the court. Both parties filed motions for summary judgment, and the trial court granted the motion of the administrator.

Ralph A. Perry was the beneficiary of an insurance policy issued by Great Southern in the amount of $5,000.00 on the life of James Daniel Bogle. After the death of Ralph A. Perry, the policy was reissued showing the estate of Ralph A. Perry as beneficiary. James Daniel Bogle died subsequent to the death of Ralph A. Perry.

In her pleadings Mrs. Perry alleged that the policy was assigned to her husband as security for a debt; that subsequent to the assignment all premiums were paid with community funds during her husband's lifetime, and by her after his death; that Ralph A. Perry died on January 7, 1968, intestate, in Montgomery County, Texas, the county where he resided and had his domicile at the time of his death; that after the death of Mr. Bogle she purchased the interest of Mrs. Bogle in the policy. She also alleged that the appointment of an administrator by the probate court in Cause Number 104,752 was void, and that the record in that cause reflects that prior to the issuance of the letters of administration, she had filed an application to qualify as community administrator. In her motion for summary judgment she alleged that she filed her application to qualify as community administrator "in the county of

venue," and that the application is pending the appointment of appraisers for the community estate and has never been withdrawn or abandoned by the widow. The only exhibit attached to appellant's motion for summary judgment is a certified copy of the order appointing Vern Thrower administrator of the estate.

The motion for summary judgment filed by the administrator alleged that he was duly appointed administrator; that the insurance policy was the separate property of Ralph A. Perry, or, in the alternative, community property subject to the management and control of Ralph A. Perry prior to his death. He alleged that the probate court found Mrs. Perry in contempt of court for refusing to answer certain interrogatories, and ordered that all pleadings which she had pending in said court be dismissed, as authorized by Rule 170, Texas Rules of Civil Procedure. He alleged that this order operated to withdraw Mrs. Perry's application to be appointed community administrator. Attached to the motion were certified copies of the order appointing the administrator, the letters issued to him, the contempt order, and an order requiring Mrs. Perry to turn over to the administrator all assets of the estate, both separate and community. No other summary judgment evidence appears in the record.

An affidavit signed by Mrs. Perry was attached to her motion for summary judgment. It stated that the "allegations of fact" contained in the motion are true and correct and that she is "competent to testify to the allegations of fact contained therein from her own personal knowledge." The affidavit of Vern J. Thrower attached to his motion for summary judgment contains substantially the same language. The question arises as to whether pleadings of this sort can be considered as summary judgment evidence. In Hidalgo v. Surety Savings & Loan Association, 462 S.W.2d 540 (Tex.1971), the Supreme Court said:

"On balance, we are convinced that orderly judicial administration will be better served in the long run if we refuse to regard pleadings, even if sworn, as summary judgment evidence . . .

"The trial process includes both the pleading and the trial stages, whether the trial stage be in summary or conventional trial proceedings. If trial judges will be diligent in requiring in summary judgment proceedings that *trial* be on *independently produced* proofs, such as admissions, affidavits and depositions, the rule we have here approved should present no problems." (emphasis added)

The sworn pleading with which the court was concerned in *Hidalgo* was the plaintiffs' petition, and we have found no case where the court considered the question of whether facts contained in a properly verified motion for summary judgment could be considered as evidence.

A motion for summary judgment is a pleading authorized by Rule 166-A, T.R.C.P. The party seeking to recover on a claim may, at any time after the adverse party has appeared, move with or without supporting affidavits for a summary judgment. Section (e) of the Rule provides that supporting affidavits shall "set forth such facts as would be admissible in evidence." This section of the Rule was considered by the Supreme Court in Richards v. Allen, 402 S.W.2d 158 (Tex.1966), where this statement appears: ". . . The term 'further testimony' refers to 'summary judgment testimony', that is, testimony or evidence brought before the court by means of admissions, depositions or affidavits prepared in accordance with the rule . . ."

In the portion of the opinion in Hidalgo v. Surety Savings & Loan Association quoted above the Supreme Court required that the trial in a summary judgment proceeding be on independently pro-

duced proofs, that is, on evidence other than matters alleged in the pleadings, including the motion for summary judgment. Anderson v. Industrial State Bank of Houston, 478 S.W.2d 215 (Tex.Civ.App.—Houston 14th, 1972, writ ref., n. r. e.). Supporting affidavits attached to the motion constitute summary judgment evidence. Richards v. Allen, supra.

Appellant contends that the appointment of Vern J. Thrower as administrator is void because the probate court did not acquire jurisdiction over the estate of Ralph A. Perry by application, notice thereof and a hearing thereon in the manner required by law and because the probate court was "without venue to grant administration to the administrator." She further contends that there is a genuine issue of material fact concerning the authority of the administrator to represent the estate.

The order appointing Vern Thrower administrator is in evidence. The order reflects that on the 25th day of September, 1969, Thomas J. Binig was the temporary administrator of the Estate of Ralph A. Perry. On that date the court heard the application of Robert G. Barstow and Ramona Rae Perry Outland for appointment as permanent administrator. The order recites that Mildred A. Perry appeared and in open court waived her right to be appointed in favor of Robert G. Barstow. It also recited that the court found that a necessity existed for the appointment of a permanent administrator and that the best interest of the estate required that neither Robert G. Barstow nor Ramona Rae Perry Outland be appointed. The court then ordered that Vern Thrower be appointed permanent administrator. The temporary administrator was also removed and Vern Thrower was appointed as temporary administrator. There is summary judgment evidence that Vern Thrower has duly qualified as permanent administrator. The policy of insurance is payable to the Estate of Ralph A. Perry.

■ This is a collateral attack on the order appointing the administrator. The record shows that the probate court had assumed jurisdiction and that the estate was in course of administration at the time the order was entered appointing the permanent administrator. There is a presumption that the administration was properly opened. The jurisdiction of the court continues until the administration is legally closed. The judgment appointing the administrator is final and may not be collaterally attacked. Markward v. Murrah, 136 S.W.2d 649 (Tex.Civ.App.—San Antonio 1940, aff'd, 138 Tex. 34, 156 S.W.2d 971); Roberts v. Roberts, 165 S.W.2d 122 (Tex. Civ.App.—Amarillo 1942, ref., w. m.); Frost v. Crockett, 109 S.W.2d 529 (Tex. Civ.App.—Galveston 1936, writ dism'd); Becknal v. Becknal, 296 S.W. 917 (Tex. Civ.App.—Dallas 1927); Kuck v. Dixon, 127 S.W. 910 (Tex.Civ.App.1910, error ref.).

■ In her motion for summary judgment appellant alleged that the policy insuring the life of James D. Bogle was assigned to her deceased husband as security for a debt; that the policy was later amended to show that "the estate of Ralph A. Perry, Deceased" was the assignee. Substantially the same allegations are found in her original petition. The facts judicially admitted, together with the order appointing Vern J. Thrower administrator of the Estate of Ralph A. Perry, were sufficient to authorize an instructed verdict in a conventional trial. There is no summary judgment evidence raising issues of fact concerning the right of the administrator to the possession of the insurance funds deposited in the registry of the court.

Appellant asserts that she has had the insurance policy in her control under a claim of right for more than two years after the death of her husband, and that as a result the estate's claim to the proceeds of the policy is barred by the two year statute of limitations, Art. 5526, Vernon's Ann.Civ.St.

██ This point is without merit. The possession of a chose in action for the limitation period will not bar an action by the true owner to collect the right evidenced by the writing. Barker v. Swenson, 66 Tex. 407, 1 S.W. 117 (Tex.1886).

██ A certified copy of an order of the probate court requiring Mildred A. Perry to deliver all of the assets of the Estate of Ralph A. Perry to the administrator is in evidence. Appellant here collaterally attacks this order by contending that the administrator is not entitled to administer community property because appellant had filed an application for community administration prior to his qualification as administrator. She cites Section 177(b), Probate Code, V.A.T.S. The questions raised by the wording of this Section of the Code necessarily were considered by the court in connection with this order. Even if the court erred in entering the order, it cannot be collaterally attacked in this proceeding. The court had jurisdiction of the estate. Decisions that are merely in error must be corrected through the appellate process.

Affirmed.

## ON MOTION FOR REHEARING

COLEMAN, Justice.

Appellant asserts that the Probate Court lacked jurisdiction to appoint either a permanent or temporary administrator of the Estate of Ralph A. Perry because of a failure to issue necessary citations. She asserts that since the appointment of Vern J. Thrower as administrator is void, the District Court lacked jurisdiction of this case, and this court lacks jurisdiction of this appeal.

██ This contention cannot be sustained. This is a suit to determine the party entitled to collect the proceeds of an insurance policy instituted by the insurance company. The validity of the appointment of the administrator can arise only as an issue in the case. Such an issue would not defeat the jurisdiction of the trial court.

Appellant's motion to dismiss the appeal is refused. The motion for rehearing is overruled.