**E. E. FURR, Appellant,**

v.

**L. C. YOUNG, Temporary Administrator of the Estate of Fannie Belle Furr, Deceased, and Adele Furr Robinson, Appellees.**

**No. 18098.**

Court of Civil Appeals of Texas, Fort Worth.

March 1, 1979.

Prothro & Sellers and Lee Sellers, Wichita Falls, for appellant.

Jennings, Montgomery, Dies & Turner and Frank L. Jennings, Graham, for L. C. Young, Temp. Admr., Est. of Fannie Belle Furr.

Jack Connell, Bowie, for Adele Furr Robinson.

## OPINION

MASSEY, Chief Justice.

E. E. and G. F. Furr filed claims against the Estate of their mother, Fannie Belle Furr, deceased, which claims were rejected. They appealed to the District Court of Young County, Texas. There the judgment of the court in Cause No. 17,627 was one which rejected their claims. E. E. Furr appealed; G. F. Furr did not.

We affirm.

The disputes involving members of the Furr family have a long history. In brief: A Young County family was that of Adam Furr and his wife, Fannie Belle, and three children. The children were E. E. and G. F. Furr, and Adele Furr Robinson. Adam Furr died intestate and his widow became community administratrix. A part of the estate was a tract of land of 1,231 acres in Archer County, Texas. Adele, at all material times, contended that while Adam was alive he and his wife had given the Archer County land to her; in any event—promptly after Fannie Belle had qualified as community administratrix of the Adam Furr Estate—she, in that capacity, as well as in her individual capacity as applied to her own community interest, deeded the property to her daughter Adele without consideration. Discovering the fact both E. E. and G. F. Furr evidence their insistence that the Archer County land should be considered as part of the Adam Furr property as to which he had died intestate, that their interest in and to such property, insofar as there had been an estate therein belonging to Adam Furr at time of his death, should be equal to that of their sister Adele. There was not, or in any event there has ceased to be, any contention that as of the time of the deed Fannie Belle Furr's interest was not correctly conveyed to Adele.

Adele "beat her brothers to the courthouse". She filed in Archer County her Trespass to Try Title case as applied to the Archer County acres. This was Cause No. 5060 in Archer County. Her brothers filed cross-actions, and impleaded Fannie Belle Furr, their mother. From that time, in 1958, there has been continuous litigation; such continuing after Fannie Belle Furr died in 1964. L. C. Young became Temporary Administrator of the Fannie Belle Furr Estate.

As applied to a portion of the litigation aforementioned see prior opinions of this court relative to appeals from Young County, as follows: *Furr v. Furr,* 346 S.W.2d 491, (Tex.Civ.App.1961, writ ref'd n. r. e.);

*Furr v. Furr,* 403 S.W.2d 866 (Tex.Civ.App. 1966, no writ); *Furr v. Furr,* 440 S.W.2d 367 (Tex.Civ.App.1969, writ ref'd n. r. e.).

Judgment in Cause No. 17,627 was rendered June 12, 1978 by the District Court of Young County denying E. E. and G. F. Furr recovery; and also denying Adele Furr recovery sought by her in the same case. Therefrom E. E. Furr appealed. It is only the question of his right with which we are concerned on the appeal, though of necessity what is held would likewise have applied to G. F. Furr had he appealed.

E. E. Furr's claim is barred by limitation. V.A.T.S. Title 91, "Limitations", 2. "Limitations of Personal Actions", § 5526, "Actions to be commenced in two years" (1958) provides:

> "There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:
>
> "4. Actions for debt where the indebtedness is not evidence by the contract in writing."

The aforementioned limitation was plead and has application to the claim, its nature being that of a personal action for debt.

Tex.Prob.Code Ann. § 298, "Claims Against Estates of Decedents and Wards", formerly provided for claims to be presented to an executor or administrator within one year after the original grant of letters testamentary or of administration, which said section of the probate code was amended effective June 15, 1971, changing the— one year—to six months, such § 298, subsections (a) and (c) reading as follows:

> "(a) Claims Against Decedent's Estate Postponed if not Presented in Six Months. All claims for money against a testator or intestate shall be presented to the executor or administrator within six months after the original grant of letters testamentary or of administration; otherwise the payment thereof shall be postponed until the claims which have been presented within six months and allowed by the executor or administrator and approved by the court have been first en-

tirely paid; provided, however, that the failure of the holder of a secured claim to present his claim within said six month period shall not cause his claim to be postponed, but it shall be treated as a claim to be paid in accordance with subsequent provisions of this Code."

> "(c) Claims Barred by Limitation Not to Be Allowed or Approved. No claims against a decedent or ward, or against the estate of either, on which a suit is barred by a general statute of limitation applicable thereto shall be allowed by a personal representative. If allowed by the representative and the court is satisfied that limitation has run, the claim shall be disapproved." (1955).

Pursuant to the directive of Section 298 in its subdivision (c) L. C. Young, as temporary administrator, was compelled to reject the claims by virtue of their being barred by limitation.

The claims of E. E. Furr and G. F. Furr, as presented and rejected by L. C. Young, were identical with their claims upon which recovery was sought in Cause No. 5060 in Archer County, and in which the Furr matters had earlier declared upon in Cause No. 14,330 in Young County. In Cause No. 14,330, the court denied such claims. There was no appeal from the judgment in Cause No. 5060.

■ Everything necessary to disposition of this case has been stipulated by the parties. The cause of action has been growing out of the E. E. and G. F. Furr claims against Fannie Belle, and later against the Fannie Belle Furr estate, accrued at the time of the recordation of the deed to the Archer County acres, which for our purposes may be taken as its date, October 20, 1958. (In any event E. E. and G. F. Furr knew of the deed promptly after November 7, 1958 when Cause No. 5060 was filed in Archer County.) In Cause No. 5060, the court's judgment declared a dismissal of such claims without prejudice. (At a later point we copy the judgment in Cause No. 5060.) Never, at any time, did E. E. Furr and G. F. Furr present their claims to Fan-

nie Belle Furr as the representative of the estate of Adam Furr. Their claims were not presented to the representative of the estate of Fannie Belle Furr until February 21, 1974.

■ The statutory provision (Section 298 of the Probate Code) requiring the presentation of claims for money within six (6) months after the original grant of letters testamentary or of administration provides that, if a claim is not so presented, the payment of it shall be postponed until the claims that have been presented within six (6) months and allowed by the executor or administrator have been first entirely paid. 18 Tex.Jur.2d 357, "Decedents' Estates", § 424, "Effect of failure to present within prescribed time—Ordinary money claims" (1960).

The statute does not, however, preclude a creditor from presenting a claim or instituting an action after the prescribed period has elapsed. He may still have the claim allowed and approved, to be paid in due course of administration. If the estate is open long enough, this right remains unimpaired until the general law of limitation bars recovery. 18 Tex.Jur.2d 358 "Decedents' Estates", § 425, "(Effect of failure to present within prescribed time)—Secured claims" (1960).

■ The statute allowing six (6) months for the presentation of claims will not vitiate the effect of the general statute of limitations on actions. Thus, a claim can not be presented after the applicable statute of limitations has run on it, even though less than six (6) months has expired since the issuance of letters. 18 Tex.Jur.2d 357 "Decedents' Estates", § 422, "Effect of general statute of limitations" (1960).

■ The running of the general statute of limitation is not interrupted (tolled) by a proceeding in a suit to establish a claim that has not been properly presented. And, a suit against the heirs does not stop the running of the statute of limitations on a claim that is required to be submitted to the probate court for approval. 18 Tex. Jur.2d 461 "Decedents' Estates", § 579,

"Tolling of statute of limitations" (1960); *Jackson v. Fielder,* 15 S.W.2d 557 (Tex.Com. App.1929); *Markward v. Murrah,* 136 S.W.2d 649 (Tex.Civ.App.—San Antonio 1940, aff'd at 138 Tex. 34, 156 S.W.2d 971 (1941)).

■ When a claim that has been barred by a general statute of limitations is approved by the court, the judgment of approval may be set aside in a direct proceeding brought for that purpose by showing that the bar of the general statute was complete when the claim was approved and that there existed no fact that suspended the bar of the statute. 18 Tex.Jur.2d 486 "Decedents' Estates", § 618, "(Appeal from action approving claim—Grounds for relief) —Claim barred by limitation" (1960).

■ Accordingly, the claim of E. E. Furr, not having been presented first to the representative of the Adam Furr estate, and second to the representative of the Fannie Belle Furr estate (as required by § 298 of the Probate Code) until 16 years after the cause of action had accrued, is barred by limitations.

■ Because of the necessity that before any action could be brought to enforce it, the claim would necessarily have to be presented to the representative of the estate and by him rejected, the pendency of the suits, (No. 5060 in Archer County and No. 14,330 in Young County, wherein the claims of E. E. and G. F. Furr were set up otherwise than as prescribed by § 298 of the Probate Code) did not toll the statute of limitations.

Texas statutes of limitations are "statutes of repose". It is not that E. E. and G. F. Furr were "reposing" too long after the death of Fannie Belle Furr, but that they did so as applied to any claim or action against her either individually or as community administratrix of the estate of Adam Furr before she died, that there be appropriate tests made of the applicability of any particular statute of limitation. It is by these that we decm operative the defenses asserted against the claims. The judgment of the court below is to be affirmed for this reason.

Furthermore, we hold E. E. Furr's claim is barred by reason of the judgment in Cause No. 5060 in Archer County, Texas. That judgment is *res judicata* as applied to the claim since it was pleaded in bar.

Before taking notice of the allegations of E. E. and G. F. Furr in such case, we will quote a material part of the judgment in Cause No. 5060, viz:

THEREFORE, it is ORDERED, ADJUDGED AND DECREED that the plaintiff, Adele Furr, do have and recover of and from the defendants, G. F. Furr and E. E. Furr title and possession of, in and to the following described land lying in Archer County, Texas, and known and described as: (here follows the land description of the Archer County acres), and that she be quieted in her title as to all parties hereto and recover her costs of defendants, G. F. Furr and E. E. Furr; it further appearing to the Court that there is now pending in the District Court of Young County, Texas, a suit between the same parties for a settlement and accounting of the estate of Adam Furr as between the parties and the Court is of the opinion that the defendants' cross-actions and third party actions for money are properly considered in such cases and that this Court is without jurisdiction to consider same; It is therefore ORDERED that the cross-actions and third party actions of the defendants for money are hereby dismissed without prejudice to the defendants to prosecute such claims in the accounting suit above referred to, and that Fannie Belle Furr be therefore dismissed with her costs, and that defendants take nothing as to their cross-action in Trespass to try Title. All other relief not herein expressly given is denied.

We see nothing indicative of any severance out, with accompanying preservation of any issues which had been presented by E. E. and G. F. Furr to their cross-actions and third party actions for money, in particular as applied to claims therefor as against Fannie Belle Furr.

—PLEADINGS IN THE INSTANT CASE—

In the petition of E. E. Furr and G. F. Furr in the case before us alleged as follows:

(a) In paragraph II, they allege that upon the death of their father, Adam Furr, intestate, in the year 1955 each of the plaintiffs inherited an undivided ⅙ interest in the 1231 acres in Archer County.

(b) In paragraph III they allege that following the death of their father, the said Fannie Belle Furr, their mother, qualified as community administratrix in Cause No. 2663 in the County Court of Young County, Texas.

(c) In paragraph IV they allege that on or about July 3, 1958, Fannie Belle Furr, acting both individually and as community administratrix, without consideration of any kind or character conveyed the 1231 acres to Adele Furr.

(d) In paragraph V, they allege that their undivided interest in and to the 1231 acres was and is of the cash market value of $61,550.00, but because of the wrongful act of Fannie Belle Furr in conveying said property, they are entitled to recover of her estate the sum of $61,550.00.

(e) The rest of the original petition contends that they are entitled to (Adele's) intervenor's ⅓ interest in the 391.8 acres remaining in the estate to satisfy their claim.

Their supplemental petition in the case is as follows:

(a) In paragraph I, they allege that the claim of intervenor is barred by limitation.

(b) In paragraph II, they allege that the deed executed by Fannie Belle Furr, individually and as community administratrix, to intervenor (Adele) was wholly without consideration.

The claims referred to in plaintiffs' original and supplemental petitions set out the following allegations:

(a) That Fannie Belle Furr, immediately following her qualification as community administratrix, conveyed the 1231 acres to Adele Furr; that the

ownership therein by E. E. and G. F. Furr is, as to each of them, an undivided ⅙ interest.

(b) That such land had a reasonable cash market value of $150.00 per acre.

## —PLEADINGS IN THE ARCHER COUNTY CASE—

Examination of the second amended original answer and cross-action of G. F. Furr and E. E. Furr filed in Cause No. 5060, being Exhibit No. 4 attached to the Stipulation, shows in paragraphs (1) through (10), both inclusive, that the issues made in the trial of that lawsuit attacking the validity of the deed were identical with the issues made in the case at bar in the following particulars:

(a) In paragraph (2), they say that the deed was without consideration of any kind.

(b) In paragraphs (3), (4), (5), and (6), they allege merely that the actions of Fannie Belle Furr in executing the deed were wrongful occasioned by the fact that Fannie Belle Furr was in feeble health; that Fannie Belle Furr lived with intervenor, Adele Furr Robinson, and was dominated and controlled by Adele Furr Robinson, and that said deed was wrongfully made by Fannie Belle Furr under threats, overpersuasion and domination of plaintiff (Adele) to the extent that the deed was not the free and voluntary act of Fannie Belle Furr and that the deed should be set aside.

(c) In paragraph (11), E. E. Furr and G. F. Furr plead alternatively that should the court determine that Fannie Belle Furr had power to execute the deed, then it was in violation of their property rights and their interest was of the value of $50,000.00 and more, and that the intervenor and Fannie Belle Furr were liable to them in that amount.

(d) In their prayer, they request that the deed be set aside, cancelled and voided, or in the alternative, that they have judgment for the value of their interest.

## —AND: BACK TO PLEADINGS IN THE INSTANT CASE—

In the case at bar, plaintiffs seek to establish their claim by reason of two things which had been pleaded:

(1) Want of consideration in the deed;

(2) Wrongful acts on the part of Fannie Belle Furr.

In Cause No. 5060, in the Archer County case, these two identical issues, between the same identical parties, were raised seeking to defeat the validity of the deed.

■ *Res judicata* is the doctrine that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense cannot be disputed in a subsequent suit between the same parties involving the same issues. 34 Tex.Jur.2d 487 "Judgments", § 450 "(Res Judicata)—In general" (1962).

It has been stated that with regard to questions of law, such as the legal effect of a deed being to pass the title to land, that such a holding, as a *matter of law*, becomes *res judicata* of all issues in all subsequent litigation between the same parties on the same subject matter. 34 Tex.Jur.2d 499 "Judgments", § 454 "Application to questions of law and fact" (1962).

In treating of *res judicata,* the result of a case falling within its meaning is a bar under the doctrine to the bringing of a subsequent suit wherein there is involved identity of persons, identity of issues, and the like. 34 Tex.Jur.2d 546 "Judgments", § 492 "(Judgment as Bar)—In general; Identities required" (1962).

■ The suit was filed by Adele Furr against E. E. Furr and G. F. Furr in Cause No. 5060 in Archer County in trespass to try title based upon the deed from her mother, individually and as community survivor, to Adele Furr, and the validity of this deed was attacked upon the grounds of:

(1) Want of consideration;

(2) Wrongful acts;—and—

these issues being identical to and the only issues raised in the case at bar, the finding of the trial court in Archer County that said deed was valid and subsisting (having become final) resolved, once and for all, the question of whether or not the act of executing the deed was wrongful. These identical issues having been necessarily adjudicated, the judgment in Cause No. 5060 is *res judicata* and, as a matter of law, a bar to any recovery sought by the identical parties in a subsequent action based upon the same issues.

In deeding the Archer County acres to her daughter Adele, Fannie Belle Furr must be deemed to have competently deprived her sons of any right to make claim against her in behalf of the Adam Furr estate, though the fact that she did make the deed might have been in fraud of her sons' right to have the value of what was given away charged against her to the benefit of the Adam Furr estate—(and, by and through the rights in and to that estate, chargeable against her to the benefit of her sons who were entitled to share in that estate). This statement is proper to be made because of the finality of the judgment of the District Court of Archer County, Texas, in Cause No. 5060. *Fidelity Union Ins. Co. v. Hutchins,* 134 Tex. 268, 133 S.W.2d 105 (1939); *Leatherwood v. Arnold,* 66 Tex. 414, 1 S.W. 173 (1886); *Huppman v. Schmidt,* 65 Tex. 583 (1886).

Fannie Belle Furr, having qualified as community administratrix, at most conveyed the Archer County acres by a deed which was not void, but merely voidable (assumed so to be for the purpose of discussion), and, by reason of the finality of the judgment in the District Court of Archer County in Cause No. 5060 must be deemed not to be avoidable. In view of the finality of the judgment in said cause despite the attack made upon the propriety of the deed to Adele Furr, there was extinguished not only the right of E. E. and G. F. Furr to reach the property conveyed, but likewise any right to reach the consideration given therefor—of which there was none;—and,

since there was no consideration, extinguished any right to charge the want thereof against Fannie Belle Furr, either individually or as the community administratrix, for the benefit of either of them as estate heirs.

The time has long since passed and limitation became operative as applied to any appropriate complaint of the judgment in Cause No. 5060 by the District Court of Archer County, Texas, and the finality of judgment in that case must be held to have necessarily disposed of all matters related thereto as well as to the efficacy of the deed to Adele Furr to pass the complete title of the Archer County acres, and, furthermore, the force of said judgment was operative so that it became *res judicata* as applied to the complaint desired to be made by E. E. and G. F. Furr in the trial court, and made here on the appeal by E. E. Furr.

The judgment is affirmed.