**MILLSAPS v. MOON.**

No. 11592.

Court of Civil Appeals of Texas. San Antonio.

Feb. 20, 1946.

Rehearing Denied March 20, 1946.

E. A. McDaniel, of McAllen, for appellant.

L. J. Polk, of Pharr, for appellee.

NORVELL, Justice.

This is a suit to remove cloud from title. The court below, after a trial without a jury, rendered judgment for the plaintiff, W. H. Moon. Findings of fact and conclusions of law were filed.

The record title to the property here involved was in W. H. Moon by virtue of a deed absolute upon its face, which had been executed by appellant, O. J. Millsaps, and his then wife, as grantors, to W. H. Moon, grantee. This deed was dated September 12, 1939, but for some reason was not filed for record in the office of the County Clerk of Hidalgo County until September 7, 1940.

On the 22d day of November, 1944, Millsaps executed and filed for record an affidavit stating that Moon was holding title to the land as trustee for Millsaps, insofar as an undivided one-half interest was concerned. The filing of this affidavit resulted in Moon's losing a sale of the premises and caused him to bring this lawsuit.

By introducing in evidence the deed from Millsaps to Moon, appellee made out a prima facie case of absolute ownership as against Millsaps. The trial court concluded as a matter of law that Millsaps "did not discharge the burden of showing by clear and convincing proof that a parol trust should be grafted upon the deed in question" (the deed from Millsaps to Moon).

In order for appellant to overcome appellee's prima facie case it was necessary that he offer evidence which met the legal test of being clear and convincing. Appellant's first point, which complains of the trial court's placing this burden upon him is overruled, for "it is settled in Texas that the presumption of law is that a deed conveys the property therein described to the grantee named in the deed and that he is the owner thereof. To overcome this presumption and engraft a parol trust on a deed the party asserting such trust has the burden of showing the parol trust by clear, satisfactory and convincing proof thereof." Clayton v. Ancell, 140 Tex. 441, 168 S.W.2d 230, 232, Id., Tex.Civ.App., 159 S.W.2d 962.

Under his remaining point, appellant contends that as the testimony of Millsaps and Moon, relative to the transaction which gave rise to the deed, is conflicting, controlling effect must be given to positive actions taken by the parties with reference

222

to the premises after the date of the execution of the deed from Millsaps to Moon (September 12, 1939). On June 10, 1940, Millsaps and wife, together with Moon and wife, executed an oil and gas lease upon the property, and on July 3, 1940, said parties entered into an agreement with the Southland Life Insurance Company whereby that Company's lien against the property was subordinated to the oil and gas lease. Appellant says that these acts "thoroughly and conclusively show that Mr. Moon and Mr. Millsaps were each claiming an interest in the land, and corroborates, substantiates, clarifies and makes certain the evidence of Mr. Millsaps that the said land was held in trust by Mr. Moon."

This is admittedly a case of conflicting evidence. It appears from the court's findings and seems undisputed that both Moon and Millsaps were interested in the property at the time it was acquired from the Southland Life Insurance Company. The insurance company executed a deed to Millsaps retaining a vendor's lien to secure the balance of the unpaid purchase price. In the affidavit filed by Millsaps he recited that Moon's interest in the property was evidenced by an instrument in writing dated September 29, 1937, and recorded in the Miscellaneous Deed Records of Hidalgo County.

Moon's testimony was that he had advanced the money which was paid to the Southland Life Insurance Company at the time the conveyance was made to Millsaps; that thereafter Millsaps was unable to meet any part of the accruing liabilities resulting from the deal, such as interest payments and taxes, and, as a result of this situation, it was agreed that Moon would take the entire interest in the land and Millsaps would step out, so to speak. Moon testified that Millsaps executed the deed conveying the land to him (Moon) as a result of this agreement.

Millsaps version was that the deed to Moon was executed by him with no intention of effecting a change in the beneficial ownership of the property, but solely for the purpose of preventing the land from becoming involved in a threatened divorce suit between Millsaps and his wife.

According to Millsaps, he had no intention of defrauding his wife but the land was conveyed to Moon so that the record title thereto would not be "gummed up" with a lot of divorce proceedings.

With reference to the oil and gas lease and subordination agreement, it appears that at the time these instruments were executed (June and July of 1940) both Moon and Millsaps had an apparent interest of record. As above pointed out, the deed from Millsaps to Moon was not filed for record until September 7, 1940.

■ This being the state of the record and an admitted conflict of testimony being disclosed, this Court cannot say as a matter of law that the existence of a parol trust has been established, nor disturb the conclusion of the trial court that appellant did not discharge the burden of proving the asserted parol trust by clear and convincing proof.

The judgment appealed from is affirmed.