Gerald F. STONE et ux., Appellants,

v.

Ivon PARKER et al., Appellees.

No. 299.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Oct. 8, 1969.

Rehearing Denied Oct. 22, 1969.

Ranseler O. Wyatt, Houston, for appellants.

Wm. Merrill, Kelley, Ryan & Merrill, Houston, for appellees.

TUNKS, Chief Justice.

Gerald F. Stone and his wife filed this suit in the district court of Harris County seeking to recover title to certain tracts of real property. The defendants in the trial court were Mrs. Ivon Parker, who is Gerald F. Stone's sister, and her husband. Mrs. Parker was sued individually, as administratrix of the estate of Luther Stone, deceased, and as guardian of the estate of Rhoda M. Stone, a non compos mentis. Luther Stone and Rhoda M. Stone, were the parents of Gerald F. Stone and Mrs. Ivon Parker.

The case was tried before the court without a jury. The trial court rendered judgment for the defendants. No timely request was made for findings of fact and conclusions of law and none were filed. The plaintiffs have perfected their appeal.

The plaintiffs' case is based upon the contention that Gerald F. Stone paid all of the consideration for the deeds by which the legal title to the properties in question was conveyed to Luther Stone so that a resulting trust arose of which trust the plaintiffs were the beneficiaries.

One tract of property involved in the suit was described as "Lot 41, Block 9, Section 2, San Luis Pass, Brazoria County, Texas." The other property in question consisted of three lots in Arcadian Gardens in Harris County, Texas. All of the property was unimproved. None of it was at any relevant time occupied by any of the parties.

On May 6, 1957, J. B. Cassidy, executed a deed conveying the above described Brazoria County property to Luther Stone. On April 18, 1961, Waitkus Trading Co., a corporation, acting through its president, A. A. Waitkus, executed a deed conveying the Harris County lots to Luther Stone.

Later, still holding the record title to the properties, Luther Stone died. His daughter, Ivon Parker, qualified as administratrix of his estate.

As to the three Harris County lots conveyed to Luther Stone by Waitkus Trading Co., Gerald F. Stone testified that he traded equities in other lots for them. A. A. Waitkus testified that Gerald F. Stone delivered to him some deeds to equities in other lots in exchange for the deed executed by him conveying those three lots to Luther Stone. Waitkus was not certain that he remembered the name of the grantor on the deed delivered to him, but he believed that they were signed "Gerald F. Stone, Trustee." The deeds were not offered in evidence. There was no positive testimony by Gerald F. Stone that he was the owner of the equities so traded.

Gerald F. Stone and his wife testified that they paid the consideration for the Brazoria County property. That consideration was paid in installments. To corroborate their testimony they offered in evidence some receipts and checks. Some of those receipts and checks showed that they represented payments on lots other than the one described in plaintiffs' petition as being the Brazoria County property. None of them showed that they were payments on the particular lot so described.

J. B. Cassidy was called as a witness by the plaintiff. He testified that his recollection of the transaction by which he sold the Brazoria County property was dim but that he remembered that Gerald F. and Luther Stone came to his office in connection with the transaction. It was his impression that Gerald F. Stone made the deal and paid for the property, but he further testified that some of the collections for the lots in his subdivision were made through banks and that he could not be sure who paid for each lot.

The defendants offered no evidence except a stipulation with reference to the criminal record of Gerald F. Stone. That record showed him to have been convicted for three felony theft offenses and for unlawful possession of a forged instrument. Those convictions occurred in the latter part of 1961.

■ In order to prevail under the theory by which they sought a recovery, that is to say under a resulting trust, the plaintiffs had an onerous burden. There is a presumption that Luther Stone, the named grantee in the deeds, was the true owner of the properties in question. The plaintiffs had the burden of overcoming that presumption by "clear, satisfactory and convincing" proof of facts giving rise to the claimed trust. Clayton v. Ancell, 140 Tex. 441, 168 S.W.2d 230; Millsaps v. Moon, Tex.Civ.App., 193 S.W.2d 221, no writ hist.

Furthermore, since no findings of fact were timely requested and none were made, and since the plaintiffs had the burden of proof, there is a presumption or implication arising from a rendition of judgment for the defendants that the trial judge failed to find from a preponderance of the evidence such facts as would have entitled the plaintiffs to a judgment in their favor. Under those circumstances, we are required to view the evidence in the light most favorable to the defendants, and, unless the trial judge's failure to find facts supporting plaintiffs' recovery is so in disregard of the greater weight and preponderance of the evidence as to be clearly wrong, his failure to find those facts must be sustained. Quinn v. Dupree, 157 Tex. 441, 303 S.W.2d 769.

■ It is the primary contention of the plaintiffs that their testimony to the effect that they paid the consideration for the properties was not contradicted so that the judge was required to find that fact as a matter of law or, at least, by a preponderance of the evidence. The only direct and positive testimony as to that fact is from the plaintiffs, themselves. From the record the trial judge could easily have believed that, while the wife testified that she made payments on the Brazoria County

property, she, in fact, did not know for what property the payments were intended. The husband's credibility was impeached by the evidence of his criminal record. In Moss v. Hipp (Tex.Sup.Ct.), 387 S.W. 2d 656, at p. 659, the Court said:

"We recognize that a fact may be established as a matter of law by the testimony of an interested witness provided his testimony is not contradicted by another witness or by attendant circumstances, is clear, direct and positive, and is free from contradiction, inaccuracies and circumstances tending to cast suspicion upon it. * * *"

On that authority we hold that the testimony of the plaintiffs in this case did not require a finding that they paid the consideration for the properties which are the subject matter of this lawsuit.

The record sustains another implied finding which could be a basis for the trial court's judgment. Those individuals from whom the plaintiff, Gerald F. Stone, stole money were creditors. A. A. Waitkus testified that at the time of the transaction involving the Harris County property, Gerald F. Stone told him that he was having trouble with a sub-contractor. Gerald F. Stone testified that he put the title in his father's name so that he, the father, could execute criminal bonds. An implied finding that the titles were placed in the father for the purpose of defrauding Gerald F. Stone's creditors is suggested. In such a situation no trust results to the grantor and a court of equity will not aid the fraudulent grantor in seeking a recovery of the property. John Hancock Mut. Life Ins. Co. v. Morse, (opinion adopted), 132 Tex. 534, 124 S.W.2d 330; Gore v. Gore, Tex.Civ.App., 203 S.W.2d 262.

During the course of the trial Gerald F. Stone was asked questions by his attorney concerning certain transactions with and statements by his deceased father. The plaintiff had sued and sought judgment against the administratrix of the father's

estate in her representative capacity. The trial judge properly sustained objections to those questions as being prohibited, over objection, by Art. 3716, Vernon's Ann.Tex. Civ.St.

The judgment of the trial court is affirmed.