**George POE, Appellant**

v.

**HAMLIN NATIONAL BANK et al., Appellees.**

No. 11–95–027–CV.

Court of Appeals of Texas, Eastland.

April 25, 1996.

Rehearing Overruled May 23, 1996.

**516**

David L. Hooper, David L. Hooper & Associates, Abilene, for appellant.

William F. (Pete) Baker, McCleskey, Harriger, Brazill & Graf, Lubbock, for appellees.

Before DICKENSON and WRIGHT, JJ., and McCLOUD, Senior Justice.*

## OPINION

AUSTIN McCLOUD, Senior Justice Retired.

George Poe sued the Hamlin National Bank and Bank President W.T. Johnson together with other officers and directors[1] of the Bank alleging fraudulent breach of contract, loss of business opportunity, and intentional infliction of emotional distress. Plaintiff also sought an accounting, attorney's fees, and exemplary damages. The trial court granted the defendants' motion for summary judgment. Plaintiff appeals. We affirm.

In reviewing the summary judgment proof, we will be principally relying upon plaintiff's deposition testimony and affidavit. All of plaintiff's claims against defendants are based upon plaintiff's contention that, in July of 1983, plaintiff received a letter from a Houston law firm notifying plaintiff that Citicorp Industrial Credit, Inc. was demanding payment of $1,000,000 from plaintiff on a guaranty agreement. Plaintiff immediately took a copy of the letter to Johnson, his long-time friend and banker, and told Johnson that he thought that Citicorp would sue him and take his oil and gas properties. At that time, plaintiff owed the Bank a substantial amount of money. Plaintiff's notes to the Bank were not secured by deeds of trust or other security agreements. Plaintiff alleged and stated that Johnson told plaintiff, "Let me protect it for you." The Bank quickly prepared and plaintiff signed deeds of trust and other security agreements in favor of the Bank covering plaintiff's oil and gas properties. Plaintiff stated that there was no time limit on how long Johnson and the Bank would protect plaintiff's properties from Citicorp.

In 1984, Citicorp obtained a judgment against plaintiff for $1,000,000 plus costs and attorney's fees. Plaintiff testified that Johnson believed that the Bank should foreclose on plaintiff's properties to prevent Citicorp from pursuing the Bank's liens on the assets. Plaintiff told Johnson that it did not make any difference to him if the Bank foreclosed on his oil and gas properties because plaintiff had his 1983 agreement with Johnson and the Bank that they would protect his oil and gas properties. The Bank foreclosed on plaintiff's properties in 1987.

Plaintiff stated that he first learned on March 31, 1991, while meeting with Johnson, that the Bank did not intend to keep the agreement that they made in 1983 to convey back to plaintiff the properties that plaintiff had allowed the Bank to obtain liens upon in order to protect the properties from the claims of Citicorp. The Bank and Johnson

---

* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. The other officers and directors sued were Gary J. Ford; John C. Bryant; Joe E. Ford; F. Barry Moore, III; Cecil L. Sellers; and Donald Young.

denied that the 1983 agreement was ever made; however, in this summary judgment case, we accept as true all of plaintiff's allegations and summary judgment proof.

■ Plaintiff's position is clear. He is seeking damages because the defendants refused to reconvey property that plaintiff had transferred to the Bank in order to hinder, delay, or defraud Citicorp. See TEX.BUS. & COM.CODE ANN. § 24.001 et seq. (Vernon 1967 & Supp.1996). Plaintiff judicially admitted in his pleadings that the agreement with Johnson was to protect plaintiff's properties from Citicorp. *Mendoza v. Fidelity and Guaranty Insurance Underwriters, Inc.,* 606 S.W.2d 692 (Tex.1980). Plaintiff stated in his affidavit that "the purpose of protecting my properties from Citicorp was to protect them as long as Citicorp had a valid judgment against me." Plaintiff also stated that Johnson and the Bank had assured him that, after the Citicorp judgment expired, the Bank would reconvey the properties to him.

■ The rule is well established that the courts will not aid a grantor to regain property transferred to a grantee in order to defraud creditors. The court in *Dellerman v. Mangold,* 271 S.W.2d 720 (Tex.Civ.App.— San Antonio 1954, writ ref'd), said:

> For Dellerman to set aside his deed to Mrs. Mangold he must prove that it was executed and recorded to defraud his creditors, but when he does that he loses his case under the law. The Supreme Court has closed the door to grantors who shield their property from the just claims of creditors and later seek to recover from their grantee in whom was placed the apparent title. *Lott v. Kaiser,* 61 Tex. 665, 670. If everything happened that Dellerman claims, he has no enforceable right. "This is so for reasons of public policy, to discourage fraudulent transactions. The courts leave the parties in the position in which they have placed themselves. *Davis v. Sittig,* 65 Tex. 497."

See also: *Lott v. Kaiser,* 61 Tex. 665 (1884); *Dominguez v. Trent,* 836 S.W.2d 677 (Tex. App.—El Paso 1992, no writ); *Leal v. Cortez,* 603 S.W.2d 262 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.); *Letcher v. Letcher,* 421 S.W.2d 162 (Tex.Civ.App.—San Antonio 1967, writ dism'd); *Garcia v. Garcia De Ortiz,* 257 S.W.2d 804 (Tex.Civ.App.—San Antonio 1953, no writ); *Bramlett v. Jenkins,* 231 S.W.2d 539 (Tex.Civ.App.—Fort Worth 1950, writ ref'd n.r.e.).

Fraudulent transactions are to be discouraged. Public policy prevents the courts from assisting plaintiff either in enforcing the alleged illegal agreement or in allowing him to recover damages based upon the agreement. We leave plaintiff in the position in which he placed himself.

The trial court properly granted defendants' motion for summary judgment because all of plaintiff's causes of action are based upon an alleged agreement which is illegal and which violates public policy. Therefore, it is unnecessary for us to discuss plaintiff's other points of error. TEX. R.APP.P. 90(a).

The judgment of the trial court is affirmed.