No. 04-98-00516-CV



Richard CERDA,


Appellant



v.



Jo Chris LOPEZ and Ann-Marie Cerda Aaron,


Appellees



From the 131st Judicial District Court, Bexar County, Texas


Trial Court No. 97-CI-01388


Honorable John J. Specia, Judge Presiding



Opinion on Rehearing



Opinion by: Paul W. Green, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: June 23, 1999


MOTION FOR REHEARING GRANTED; JUDGMENT AFFIRMED


 Richard Cerda appeals a take-nothing summary judgment granted in favor of Ann-Marie Aaron and Jo Chris Lopez. In a previous opinion, we held that Cerda waived his
appellate complaints by failing to bring a Malooly point(1) or assign error to each ground of
the summary judgment. On rehearing, Cerda contends we ignored a presubmission letter to
the court in which he challenged the grounds not addressed in his original brief. Although
the letter did not appear intended as a brief, a panel of the court accepted it as a supplemental
brief. On rehearing, we construe the document and the original brief as properly assigning
error to the summary judgment. We therefore grant the motion for rehearing and withdraw
our prior opinion and judgment. Finding no error, however, we affirm the trial court's
judgment.

Background


 Cerda hired Aaron and Lopez to represent him in a contested divorce. After the
divorce was finalized and Cerda received custody of his daughter, he sued his lawyers for
failing to fulfill a promise to return $20,000 of a $25,000 retainer fee. Cerda specifically
alleged fraud, breach of fiduciary duty, and breach of contract. In response, Aaron and
Lopez moved for summary judgment on twelve grounds, including illegality and estoppel.

 According to Aaron, Cerda paid her a $25,000 retainer fee and signed a fee
agreement for an hourly rate of $150. Later, Cerda agreed to hire Lopez and pay her a
$7,500 retainer from the sum already paid to Aaron. Both Aaron and Lopez denied they
promised to return $20,000 to Cerda; they also denied any intent to defraud Cerda's wife or
the divorce court. They provided their billing statements indicating how the retainer was
spent and further indicating that Cerda owed Lopez $5,474.04. The lawyers also included
a record from the divorce proceeding in which Cerda testified about his fee arrangement.
Finally, the lawyers offered the affidavits of two experts who said their fees were reasonable
and necessary.

 According to Cerda, Aaron told him the total fee would be about $5,000. He
acknowledged giving Aaron a $25,000 retainer because Aaron agreed to return $20,000 after
the divorce. In his deposition, Cerda explained that Aaron would put the money in a trust
"so my ex-wife won't know I had the money [sic]." Cerda remembered receiving the retainer
agreements and billing statements but said he did not read them.

Standard and Scope of Review


 We review a summary judgment de novo. To prevail, Aaron and Lopez must show
there are no genuine issues of material fact and they are entitled to judgment as a matter of
law. Tex. R. Civ. P. 166a(c); Nixon v. Mr. Property Management, Co., 690 S.W.2d 546,
548-49 (Tex. 1985). In deciding whether a disputed fact issue precludes summary judgment,
we take evidence favorable to Cerda as true, indulge reasonable inferences in his favor, and
resolve any doubts to his benefit. Nixon, 690 S.W.2d at 548-49.

Discussion


 In applying the summary-judgment standards, we accept as true Cerda's allegation
that Aaron and Lopez agreed to return $20,000 of the $25,000 retainer fee. We also accept
Cerda's judicial admission that the fee arrangement was designed to hide the money from
Cerda's wife. In accepting these statements, we conclude that the doctrine of illegality bars
Cerda's recovery against his lawyers.(2)

 The courts will not help a plaintiff recover property that was transferred to defraud
another party. De La Pena v. Elzinga, 980 S.W.2d 920, 922-23 (Tex. App.--Corpus Christi
1998, no pet.); Poe v. Hamlin Nat'l Bank, 921 S.W.2d 515, 517 (Tex. App.--Eastland 1996,
writ denied). "This is so for reasons of public policy, to discourage fraudulent transactions.
The courts leave the parties in the position in which they have placed themselves."
Dellerman v. Mangold, 271 S.W.2d 720, 721 (Tex. Civ. App.--San Antonio 1954, writ
ref'd). Because Cerda's claims are based upon an alleged agreement that is illegal and
violates public policy, the trial court did not err in granting the motion for summary
judgment. Accordingly, we affirm the trial court's judgment.


 PAUL W. GREEN,

 JUSTICE


DO NOT PUBLISH

1. Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970) (permitting general point of error stating "the
trial court erred in granting summary judgment").
2. Aaron and Lopez did not waive this ground by failing to discuss it in detail. See Timothy Patton, Summary
Judgments in Texas § 3.05 (2d ed. 1996) (noting grounds need only be stated in the motion for summary judgment).